## Stapp and Another v. Spurlin.

PRINCIPAL AND AGENT.—*Liability of Principal on Agent's Contract.*—An agent for the purchase of wheat for another on commission, at a certain place, bought a quantity of wheat, to be paid for on delivery, from a person who sold and delivered it to the agent as such, in good faith, and the agent received it, paid for it in part, and shipped it to his principal, and the seller waited several months without giving notice to the principal that the agent had not paid in full for the wheat, and in the meantime the principal settled with the agent and passed to his credit all the wheat shipped by him to the principal.

*Held,* that the principal was not released from liability to the seller for the residue of the price of the wheat.

APPEAL from the Jefferson Circuit Court.

Suit by the appellee against the appellants to recover a balance of seven hundred and forty-five dollars and thirty-five cents due the former on a lot of wheat alleged to have been sold and delivered by him to the appellants.

Answer in three paragraphs.

1st. A denial of the complaint.

2d. Payment.

3d. "That the alleged sale of wheat to the defendants was made by plaintiff to one J. E. Andrews, agent of defendants for the purchase of wheat, which was well known to the plaintiff, and the plaintiff, electing to give credit to said Andrews, lay by without asserting any claim therefor

against the defendants," until after they had fully paid said Andrews for the same.

Reply to the second paragraph in denial; and to the third paragraph, denying that the plaintiff ever elected to give, or ever gave, credit to Andrews for the wheat.

Trial by jury; verdict for plaintiff; motion for new trial overruled; and judgment.

The motion for a new trial contained the following causes:

1st. The court erred in excluding evidence offered by the defendants.

2d. The court erred in instructions given to the jury.

3d. The court erred in refusing to give to the jury instruction No. 1, asked by defendants.

4th. Verdict of the jury is not sustained by the evidence.

All the errors assigned are based on the refusal of the court to grant a new trial.

Elliott, J.—The first question argued by the appellants' counsel is, that the evidence does not sustain the finding, in this, that it does not show that Andrews, who purchased the wheat of Spurlin, was the appellants' agent, or had any authority to purchase the wheat in their names. It appears from the evidence that the appellants were engaged in the milling business at the city of Madison, in this State; Andrews was engaged in the mercantile business at St. Louis switch, on the Columbus and Shelbyville Railroad, in Shelby county, and in the fall of 1864 was employed by the appellants to purchase wheat for them at that point and ship it to them at Madison. The appellants furnished the money to pay for wheat and sacks to ship it in, directed the price to be paid from time to time, and paid Andrews three cents per bushel for his services. Some two months or more before the purchase of Spurlin's wheat, Andrews and the appellants had a partial settlement, at which time the appellants directed him not to purchase any more wheat for them until further orders; and Andrews testified that afterwards, and before the purchase of Spurlin's wheat, the ap-

pellants wrote to him to go ahead and buy all the wheat he could get.

Spurlin asked one dollar and seventy cents per bushel for his wheat, and Andrews wrote to the appellants that he could buy a lot of wheat, without saying from whom, at that price. The appellants replied as follows:

"MADISON, February 15, 1865.

"*J. E. Andrews, Esq.*:

"Dear Sir, Your favor of the 13th is at hand. You may take the 2,000 bushels wheat at $1.70, provided you can't get it for less, if it is, as you say, No. 1 and clean. Perhaps you could get it a little less; try him at $1.67½. Let us know how soon it can be delivered.

"We send you to day fifteen bundles sacks; let us know if you want more; we can send them.

"You have now $2,000 to commence on the new account. Send in wheat as fast as you can get it. Yours,

"WM. STAPP & Co."

Upon the authority of this letter, Andrews purchased of Spurlin, for the appellants, one thousand six hundred and ninety-one bushels and nineteen pounds of wheat, at one dollar and seventy cents per bushel, the money to be paid on the delivery of the wheat.

The wheat was delivered to Andrews and shipped to the appellants about the middle of March, 1865. After its delivery Andrews paid Spurlin on it two thousand one hundred and thirty dollars.

These facts show that Andrews was not only the agent of the appellants to purchase wheat at the place named, but that he was specially authorized to purchase Spurlin's wheat at one dollar and seventy cents per bushel. The evidence shows that Andrews was not authorized to purchase wheat for the appellants on credit; but that question is not presented here. By the contract the wheat was to be paid for on delivery; two thousand one hundred and thirty dollars of the amount was so paid; and Andrews testifies that he did not pay the whole because the appellants had not fur-

nished him at that time with sufficient funds. There is a conflict in the evidence on this point between Andrews and Stapp; but whether the one or the other is correct cannot affect this decision. Andrews was the agent of the appellants in the purchase of the wheat, and if they furnished him with the money to pay for it, and he failed to do so, it was not the fault of Spurlin, and the default of their own agent can furnish the appellants no defense to this suit. Their remedy is against the agent.

On the trial of the cause Stapp, one of the appellants, when being examined as a witness on behalf of the appellants, was asked what amount of wheat, if any, Andrews shipped to the appellants during the month of March, 1865. The question was objected to, and the court sustained the objection on the ground of irrelevancy. This ruling is complained of. We think the court did not err in refusing to permit the question to be answered.

The right of the plaintiff to recover for the wheat sold and delivered to the appellants could not be prejudiced by the fact that the appellant's agent had shipped a large or a small amount of wheat to them during the month of March, 1865. The evidence sought to be elicited could have no legitimate bearing upon the issues between the parties in this suit.

The appellants asked the court to instruct the jury as follows: "If you believe from the evidence that the plaintiff sold the wheat to Andrews, as the defendants' agent, for cash on delivery, and that he delivered the wheat to Andrews, who agreed to pay for it before shipping it, but that Andrews immediately shipped the wheat without paying for it, and that the plaintiff lay by and waited six or eight months before giving any notice to the defendants that Andrews had not paid for the wheat, and, before such notice was given, the defendants had settled with Andrews and passed to his credit and allowed him for all wheat shipped them, including the plaintiff's wheat, you should, in such

case, find for the defendants;" which the court refused to give.

The court had already instructed the jury, that if the plaintiff knew that Andrews was buying the wheat for and as the agent of the defendants, yet suffered the day of payment for the wheat to pass by without demanding payment of the defendants, and they were thereby induced to believe that credit was given exclusively to Andrews, and upon the faith of such belief, paid Andrews for the wheat, the defendants would not be liable.

Without deciding that the instruction thus given by the court is a proper exposition of the law arising from the state of facts upon which it is hypothecated, it is sufficient to say that it contains nothing of which the appellants can complain, for if erroneous the error is in their favor.

But it seems very clear that the instruction asked by the appellants was properly refused, because it is not law. It seeks to charge the appellee with the consequences of the misconduct and bad faith of the appellants' agent in his relations with them. If they furnished the agent with money to pay for the wheat it was his duty to make the payment, but if he failed to do so, and converted the money to his own use, it was simply a violation of the trust and confidence reposed in him by his principals, and as they trusted him to act for them, as between them and one who has dealt with him as their agent, in good faith, they must suffer the consequences of his bad faith with themselves.

But the instruction assumes that the mere fact that the appellants had settled with Andrews and allowed him for, and passed to his credit all the wheat shipped by him to them, before notice that the appellee's wheat was not paid for, would be sufficient to defeat the action. We are not advised of any principle of law, or adjudicated case, sustaining such a proposition. The mere fact of giving the agent credit for the wheat, under the false supposition that he had paid for it, could not injure the appellants.

We find nothing in the case justifying a reversal of the judgment, and hence it must be affirmed.

Judgment affirmed, with five per cent. damages and costs.

*C. E. Walker*, for appellants.

*W. Herod* and *W. W. Herod*, for appellee.