Argued 4 December ; decided 30 December, 1901.

## PACIFIC BISCUIT COMPANY v. DUGGER.

[67 Pac. 32.]

GENERAL AND SPECIAL AGENCY—LIABILITY OF PRINCIPAL.

Where an agent is given full charge of a business, with power to sell and dispose of the stock and replenish it by purchasing new goods, the agency is general, though only for a special business ; and a purchase on credit is within the scope of his apparent authority, for which defendant is liable, notwithstanding instructions not to purchase on credit.

From Linn : GEORGE H. BURNETT, Judge.

Action by the Pacific Coast Biscuit Company against G. A. Dugger, to recover the value of sundry goods sold by plaintiff and the Rosenfeld-Smith Company. There was a verdict and judgment for defendant, from which plaintiff appeals.

REVERSED.

For appellant there was a brief over the names of *Cannon & Newport,* and *Geo. W. Caldwell,* with an oral argument by *Mr. A. M. Cannon.*

For respondent there was a brief over the names of *J. J. Whitney* and *N. B. Humphrey,* with an oral argument by *Mr. D. R. N. Blackburn.*

MR. CHIEF JUSTICE BEAN delivered the opinion.

This is an action to recover the value of goods, wares, and merchandise alleged to have been sold and delivered to the defendant. In March, 1899, the defendant purchased of her son a cigar and confectionery business in Independence, some miles distant from her home in Linn County. It was agreed that he should remain in general charge of the store as her agent, with authority to sell and dispose of the goods, and replenish the stock as it might be necessary, but he was instructed not to buy on credit. In October, November, and December, 1899, he purchased on credit of the traveling salesman of the plaintiff and

its assignors, who had no knowledge of his instructions, the merchandise mentioned in the complaint, which was received in the store, and either sold and disposed of by him in due course of business, or by the defendant a short time thereafter, when the stock was sold in bulk. Upon these facts, the single question presented is whether the defendant is liable for the goods so purchased by her son, and this depends upon whether he is to be regarded as a general or special agent. If his agency was special, the defendant is not liable, because he exceeded his authority; but, if general, his principal is bound, notwithstanding he acted contrary to her instructions. A general agent is one authorized to transact all his principal's business, or all his business of some particular kind, while a special agent is one authorized to do one or more specific acts in pursuance of particular instructions, or within restrictions necessarily implied from the act to be done: 1 Am. & Eng. Ency. Law (2 ed.), 985. Within these definitions, the defendant's son must be regarded as a general agent. The mere fact that his authority was confined to a particular business did not make him a special agent. He was given full charge and control of the business, with power to sell and dispose of the stock and replenish it by purchasing new goods; and therefore his principal is liable for his acts, within the scope of his apparent authority, notwithstanding he may have disregarded his secret instructions.

If a general agent disregards his instructions, his acts will nevertheless be binding on his principal, so far as third persons who deal with him without notice are concerned, although he may be personally liable to his principal therefor. This rule has been frequently applied by the courts to facts similar to those in hand. Thus, in *Drug Company v. Lyneman,* 10 Colo. App. 249 (50 Pac. 736), a drug business belonging to a married woman was conducted by her husband as general manager, and she was held liable for the goods purchased by him, although she told plaintiff's salesman that her agent must no longer buy goods of his company; it being assumed that, because the goods were delivered and mingled with the stock and

sold, the limitation on the authority of the agent had been withdrawn. In *White* v. *Leighton,* 15 Neb. 424 (19 N W. 478), the defendant was carrying on a business through an agent, under an agreement that he was not to give orders for goods without the consent of his principal. The court held, however, that because the agent was in charge of the business, and held out to the world as having authority to do everything necessary to carry it on, his principal was liable for merchandise purchased by him of parties having no notice of the limitation of his authority. In *Palmer* v. *Cheney,* 35 Iowa, 281, the defendant was engaged in the mercantile business, which was under the control of her son as her general agent. The goods constituting the foundation of the plaintiff's claim were purchased by the son, received at the store, and sold as other goods were. The defendant was held to be liable, although she was present when the order was given, and directed her son, in the presence of the plaintiff's agent, to buy no more goods than he could pay for at the time. The court ruled that the fact that the goods were received at the store and disposed of by the defendant's agent amounted to a ratification of the contract of purchase, and that the instruction given by defendant to her agent to buy no more goods than he could pay for did not have the effect of limiting his authority, or depriving him of the character of a general agent. In *McDowell* v. *McKenzie,* 65 Ga. 630, it was held that a merchant whose agent purchased goods in New York on credit, although the credit was unauthorized, could not refuse to pay, when he had received and sold the goods and pocketed the proceeds. See, also, *Smith* v. *Holbrook,* 99 Ga. 256 (25 S. E. 627); *Webster* v. *Wray,* 17 Neb. 579 (24 N. W. 207); *Stapp* v. *Spurlin,* 32 Ind. 442; *Cruzan* v. *Smith,* 41 Ind. 288.

It follows from these views that the judgment of the court below must be reversed, and a new trial ordered. Reversed.