Argued 20 October; decided 3 November, 1902.

## PACIFIC BISCUIT CO. *v.* DUGGER.

[70 Pac. 523.]

42   513
f48   595

LAW ACTION—BILL OF SALE AS CHATTEL MORTGAGE.

1. In law actions parol evidence is admissible to vary the terms of written instruments where the action is not between the parties thereto, or where the writing is introduced for a collateral purpose, and not in an endeavor to enforce it.

RES JUDICATA—ESTOPPEL AS TO COLLATERAL MATTERS.

2. A judgment, if upon the merits, is an absolute bar to a subsequent action on the same demand, and concludes both the parties and their privies as to every matter that might have been, as well as to all matters that actually were, litigated; but where the second action is upon a different claim, though between the same parties, the prior judgment operates as a bar only as to those matters directly in issue, and not those collaterally litigated. This case illustrates this distinction: Plaintiff sued for the price of goods claimed to have been purchased by one acting as defendant's agent in the conduct of a business formerly owned by the agent. The issue of agency was not made by the pleadings, but the bill of sale from the alleged agent to defendant was introduced, in which the agency was recited, and the defendant and her husband, as well as the agent, testified to an agency more or less special. On appeal, the supreme court determined from this testimony that there was a general agency. At a second trial, defendant was permitted to testify that the bill of sale was intended as a chattel mortgage, and to deny the agency. *Held,* that the Supreme Court's determination was made on evidence differing from that introduced at the second trial, and as to a matter only incidentally in controversy, and, therefore, that the question of agency was not *res judicata,* and that the previous decision did not preclude defendant's repudiation of the agency.

EFFECT OF INCONSISTENT STATEMENTS AT DIFFERENT TRIALS.

3. The fact that a witness varies his testimony at successive trials is a matter affecting his credibility, but it does not warrant an instruction to disregard the statements entirely.

CONFLICTING EVIDENCE—PEREMPTORY INSTRUCTION.

4. Where the testimony on the direct issues is conflicting, or there may be different deductions from the evidence, a peremptory instruction to return a stated verdict should not be given, of which rule this case affords an example. In a suit for the price of goods claimed to have been purchased by one acting as defendant's agent in the conduct of a business formerly owned by the agent, plaintiff introduced the bill of sale from the agent to defendant, in which the agency was recited, and also proof that defendant had sold the goods so purchased, and appropriated the proceeds. Defendant claimed that the bill of sale was a mortgage, and there was evidence tending to show only a limited agency. *Held,* that a peremptory instruction for plaintiff was properly refused, as, if the jury believed that the bill of sale was merely a mortgage, and the agency special, defendant would have had the right, on default in the condition of the security, to take the goods covered thereby, without being held to have thus ratified their acquisition.

From Linn: GEORGE H. BURNETT, Judge.

42 OR.—33

Action by the Pacific Coast Biscuit Co. against Mrs. G. A. Dugger, in which plaintiff was defeated and appeals.

AFFIRMED.

For appellant there was a brief over the names of *Cannon & Newport* and *Caldwell & Cahalin*, with an oral argument by *Mr. A. M. Cannon.*

For respondent there was a brief over the names of *J. J. Whitney, N. B. Humphrey,* and *W. R. Bilyeu,* with an oral argument by *Mr. Whitney* and *Mr. Bilyeu.*

MR. CHIEF JUSTICE MOORE delivered the opinion of the court.

This is an action by the Pacific Coast Biscuit Co., a corporation, against Mrs. G. A. Dugger, to recover the value of certain goods, wares, and merchandise alleged to have been sold and delivered to her by said company, and also by the Rosenfeld-Smith Co., a corporation, which latter account was assigned to plaintiff prior to the commencement of the action. The answer contains a specific denial of the material allegations of the complaint, and, the trial thereon having resulted in a judgment for the defendant, plaintiff appeals.

This cause is here on a second appeal. The first trial was had upon the theory that the defendant, having purchased from her son, S. W. Dugger, a cigar and confectionery business at Independence, Oregon, leaving him in charge of the store as her agent, authorized to sell and dispose of the goods, and to replenish the stock, if necessary, but not to buy on credit, was not responsible for goods purchased by him in violation of her orders, though the traveling salesmen of plaintiff and of its assignor, from whom he secured the goods, had no knowledge of such instructions. It was held, however, in reversing the judgment, that the agency thus created was general, though only for a special business, and that a purchase on credit was within the scope of his apparent authority, for which the defendant was liable, notwithstanding her instructions to the contrary: *Pacific Biscuit Co.* v. *Dugger,* 40 Or. 302 (67 Pac. 32). The cause being remanded for a new trial, in the course

thereof plaintiff's counsel introduced in evidence what purported to be a bill of sale, apparently designed to transfer said business, which, as recorded in the records of bills of sale of Polk County, reads as follows:

"KNOW ALL MEN BY THESE PRESENTS: That I, S. W. Dugger, party of the first part, for and in consideration of the sum of five hundred dollars ($500.00) to me in hand paid, have this day sold to Mrs. G. A. Dugger, party of the second part, all my right, title, and interest to the cigar and confectionery business situated on C Street, in Independence, Oregon, the same consisting of cigars, plug and smoking tobacco, pipes, candies, nuts, soda-water fountain, and tanks, show cases, etc., valued at the sum of eight hundred dollars.

"The conditions of this sale are such that the said S. W. Dugger is to retain charge of the above-mentioned goods as agent for the said Mrs. G. A. Dugger, rendering to her a faithful account of the conduct of the said business monthly, in default of which the said S. W. Dugger agrees to turn over the said business to the said Mrs. T. L. Dugger free from all claims, debts, etc.

"Signed in the presence of ·          S. W. DUGGER. [L. S.]
        "T. L. DUGGER.
        "D. W. McFEE.

"Done at Independence, Oregon, on this 17th day of March, 1899."

T. L. Dugger, defendant's husband, appearing as her witness, testified, in effect, that as her agent, and at the solicitation of his son, he wrote said instrument, and, over plaintiff's objection and exception, was permitted to state that it was executed as a security for the sum of about $575 for money loaned by her to S. W. Dugger.

1. It is contended by plaintiff's counsel that in an action at law it cannot be shown that a bill of sale, absolute in terms, is in fact a mortgage, and, this being so, that the court erred in admitting such testimony. It has been held by the supreme courts of California, Michigan, and New York that parol evidence was admissible in an action at law to prove that a deed or a bill of sale, absolute in form, was intended by the parties as a security for the payment of a debt or for the performance

of an obligation; but the conclusions thus reached rest upon the principle that the distinction between actions at law and suits in equity has been abolished in those states: *Jackson* v. *Lodge,* 36 Cal. 28; *Fuller* v. *Parrish,* 3 Mich. 211; *Crary* v. *Goodman,* 9 Barb. 657. In *Nicklin* v. *Betts Spring Co.* 11 Or. 406 (5 Pac. 51, 50 Am. Rep. 477), it was held in a suit in equity, following the universal rule in that forum (Jones, Chat. Mort. [4 ed.], § 22), that a bill of sale absolute in its terms becomes a chattel mortgage upon proof by parol that it was made to secure a debt. Notwithstanding the distinction between actions and suits is still maintained in this state (*Beacannon* v. *Liebe,* 11 Or. 443, 5 Pac. 273), it seems to have been held in *Bartel* v. *Lope,* 6 Or. 321 (an action by an administrator to recover specific personal property belonging to the decedent's estate) that parol evidence was admissible to show that a bill of sale executed by the decedent was intended as a chattel mortgage; but whether, in an action at law between the parties to a written agreement, one of them can impeach it by introducing evidence tending to show that it was executed for a purpose different from that specified therein, it is not necessary to decide, because the question does not arise here between the parties to the bill of sale. It has been held that, when papers or documents are introduced collaterally in the trial of a cause, the purpose and object for which they were executed, and the reason why they were made in a particular form may be explained by parol evidence: *Bank* v. *Kennedy,* 24 U. S. (17 Wall.), 19. The testimony so objected to was admissible on another ground: The rule that an instrument in writing cannot be contradicted or varied by parol evidence applies only between the parties and their privies, and cannot be invoked in controversies between third parties and any of the parties to the contract: 1 Greenleaf, Ev. (16 ed.), § 279; 11 Am. & Eng. Enc. Law (2 ed.), 550; *Whitbeck* v. *Whitbeck,* 9 Cow. (N. Y.), 266 (18 Am. Dec. 503); *McMaster* v. *Insurance Co.* 55 N. Y. 222 (14 Am. Rep. 239); *Coleman* v. *Pike County,* 83 Ala. 326 (3 South. 755, 3 Am. St. Rep. 746); *Bruce* v. *Roper Lum. Co.* 67 Va. 381 (13 S. E. 153, 24 Am. St. Rep. 657). In the case at

bar, plaintiff was not a party nor privy to the bill of sale executed by S. W. Dugger to his mother, and this instrument was introduced in evidence by plaintiff's counsel—not for the purpose of asserting any rights thereunder, but as tending to establish the fact that the person executing it was the general agent of the defendant, for whose acts, within the scope of his apparent authority, she was liable. The writing was therefore introduced in evidence for a collateral purpose, and, this being so, no error was committed in receiving testimony showing the object to be subserved in executing the bill of sale.

2. It is contended by plaintiff's counsel that, this court having determined on the former appeal that S. W. Dugger was the general agent of his mother, that question had become *res judicata,* and hence the court erred in permitting her to controvert such holding, and, over their objection and exception, to testify that her son, in conducting said business, was not her agent. An examination of the pleadings shows that S. W. Dugger's agency, either special or general, was not in issue on the former appeal, and therefore the question was only incidentally involved. In *Glenn* v. *Savage,* 14 Or. 567 (13 Pac. 442), it was held that an issue, once determined in a court of competent jurisdiction, cannot be again litigated, and may be opposed as an effectual bar to any further litigation on the same matter by the parties and privies; but the matter adjudicated, to constitute a bar, must be a fact in issue by the pleadings, as distinguished from a fact in controversy. In *La Follett* v. *Mitchell,* 42 Or. 465 (69 Pac. 916), Mr. Justice BEAN, discussing this question, says: "There is no dispute, under the authorities, as to the rule of law that an issue, once determined in a court of competent jurisdiction, cannot be again litigated between the same parties. But there is a difference, sometimes overlooked, between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or demand. In the former case the judgment, if upon the

merits, is an absolute bar, and concludes the parties and their privies, not only as to every matter that was actually litigated, but as to any other that might have been litigated. Where, however, the action, although between the same parties, is upon a different claim or demand, the judgment in the prior action operates as a bar or estoppel only as to those matters directly in issue, and not those collaterally litigated.'' In *Magnusson* v. *Charlson,* 32 Ill. App. 580, a decree having been reversed and the cause remanded without instructions, it was held that the lower court was only bound by the law as determined by the appellate court, and also as to the matters of fact passed upon by it that were not changed upon the rehearing by additional facts, and to that extent only could the case be said to be *res judicata.* The rule is settled in this state that the question of *res judicata* can only be successfully invoked where the facts collaterally involved are substantially the same on the second trial as those determined on the former appeal : *Applegate* v. *Dowell,* 17 Or. 299 (20 Pac. 429) ; *Portland Trust Co.* v. *Coulter,* 23 Or. 131 (31 Pac. 280).

The transcript on the former appeal shows that S. W. Dugger, having been called by plaintiff, testified that he gave his mother the bill of sale ; that he had charge of the store for her, and bought the goods, for the recovery of the value of which the action was instituted ; and that the goods so purchased were either sold by him at retail, or by his father in disposing of the store. The defendant, having been called as plaintiff's witness, corroborated her son, and testified that her husband was her agent in preparing the bill of sale and in selling the store for her. T. L. Dugger, appearing as plaintiff's witness, testified that he wrote the bill of sale ; that his son was in charge of and conducted the store for his mother as her agent, and was instructed to buy no goods on credit, but to pay cash for everything necessary to keep up the store ; and that, as her agent, witness sold the stock of goods. The bill of sale having been offered in evidence, which, with the foregoing testimony, constituted all the material evidence introduced at the first trial,

except upon the question of the sale and delivery of the goods, plaintiff thereupon rested; and, the defendant declining to offer any testimony on her own behalf, the cause was submitted to the jury, which found in her favor. It will be seen from the foregoing statement of the testimony introduced at the first trial that neither Mr. nor Mrs. Dugger, nor their son, testified that he was the general agent of his mother, and the conclusion reached by this court on the former appeal was deduced from an inspection of the bill of sale and the testimony hereinbefore mentioned. At the second trial, T. L. Duggan, over plaintiff's objection and exception, in speaking of the agency existing between his son and his wife, says: "He was an agent just as far as specified in the bill of sale. I sought to make him one. That was my intention in writing the bill of sale. He was an agent just as far, and no farther than, the bill of sale expresses for the goods,—the bill of sale described,—and he was prohibited personally from buying goods on her name and on credit in any way." S. W. Dugger, as a witness for the defendant, corroborates the testimony of his father in the particulars specified; but Mrs. Dugger, as a witness in her own behalf, testified, over plaintiff's objection, that she had nothing to do with the management of the store; that her son was not her agent; and that the bill of sale was intended as a mortgage. It will thus be seen that the evidence collaterally involved is substantially different from that given at the former trial, and, this being so, the doctrine of *res judicata* does not apply, and no error was committed as alleged.

3. It is contended by plaintiff's counsel that, the defendant having testified on the former trial that her son was her agent, the court erred in permitting her at the retrial of the cause to controvert the position theretofore taken, and also erred in refusing to instruct the jury to disregard her contradictory statements and to find for the plaintiff. That her testimony could not have been true in both instances must be admitted, but the inconsistency only affected her credibility, and it was for the jury to say which statement, if either, was true. Testimony given by a witness, varying from that given theretofore, at the

retrial of a cause, is not equivalent to assuming inconsistent positions, though such testimony should contradict that previously given; for the former, while not true, may have been based upon a mistake of fact which the witness on the second trial ought to be permitted to correct. We think the court did not err in refusing to instruct the jury as requested.

4. Mr. Chief Justice BEAN, on the former appeal (*Pacific Biscuit Co.* v. *Dugger*, 40 Or. 302, 67 Pac. 32), in speaking of the liability of a principal for the acts of his agent, says: "In *McDowell* v. *McKenzie*, 65 Ga. 630, it was held that a merchant whose agent purchased goods in New York on credit, although the credit was unauthorized, could not refuse to pay, when he had received and sold the goods, and pocketed the proceeds." Plaintiff's counsel, invoking the rule thus announced, contend that the testimony conclusively shows that the defendant sold the goods so purchased by her son from their clients, and appropriated the money arising therefrom in discharging her son's debt, for the payment of which she was liable, and, this being so, the court erred in refusing to instruct the jury to return a verdict for plaintiff. The defendant's theory at the second trial was that the bill of sale was intended by the parties as a security for the payment of a debt, and that S. W. Dugger was not the general agent of his mother. If the jury believed from the testimony that the written instrument was designed as a chattel mortgage, the title to the goods so purchased would be in S. W. Dugger, whose agency they might also have found to have been special. These facts having been found in the defendant's favor, she, upon default in the condition of her security, could have taken possession of the goods so hypothecated, and sold them on her own account, and hence the court properly refused to instruct as requested. It follows from these considerations that the judgment is affirmed.

AFFIRMED.