Argued September 19, decided September 30, rehearing denied Decem-
ber 23, 1913.

# REEDER v. REEDER.

(135 Pac. 176; 137 Pac. 191.)

**Judgment—Conclusiveness—Matters Which Might be Litigated.**

1. In a suit for partition, plaintiffs cannot contend that the descrip-
tion in a deed to a certain part of the land was too indefinite, where
there had been a previous suit between the same parties attacking the
deed on the ground of fraud, since the title to the land was the
issue in the former suit and the judgment concluded not only every
matter actually litigated, but any other matter that might have been
litigated.

**Deeds—Construction—Description—Certainty.**

2. Where a deed to a tract of land excepted therefrom the home
place with 20 acres adjacent thereto, to be on the north side of a
certain fence, and to be as nearly square as possible, and it appeared
that the fence referred to did not run beyond the square 20-acre tract,
the description is sufficient, since it is only necessary that it be such
that a competent surveyor can identify the land described with rea-
sonable certainty, either with or without extrinsic evidence.

**Partition—Review—Question in Lower Court—Exceptions to Referees'
Report.**

3. Where parties to a partition suit made no objection to the re-
port of referees for failing to designate by landmarks the lines
described, that failure was only an irregularity which could not be
raised on appeal from the decree confirming the report.

**Partition—Review—Harmless Error—Interlocutory Proceedings.**

4. Where referees to make a partition were instructed in the inter-
locutory decree that they should locate the portion of one of the par-
ties next to lands already owned by him, the error was harmless
where it appeared that the allotment thus made was fair to all.

**Partition—Disposition of Cause—Modification of Decree.**

5. Where a decree in partition recites the report of the referees,
which correctly describes the tract involved, and the decree further
describes the tract, omitting one line, the description will be cor-
rected to conform to the report of the referees.

**Partition—Actions—Costs.**

6. Under the express provision of Section 483, L. O. L., the costs
of partition, including the fees of referees and other disbursements,
must be paid by the parties in proportion to their respective interests
and may be specified in the decree.

From Multnomah: CALVIN U. GANTENBEIN, Judge.

Department 2.   Statement by MR. JUSTICE BEAN.

This is a suit for partition by F. B. Reeder, Mrs. E. M. Bonser, Mrs. Josephine Goodwin, Mrs. Dolly E. Akins, D. S. Reeder, Mrs. Mary C. Crumbley and Paul S. Reeder, against Mary R. Reeder and J. L. Reeder.

Plaintiffs allege that they and defendant Mary R. Reeder are the owners in fee simple and in possession as tenants in common of the donation land claim of Simon M. Reeder and Catherine Reeder, his wife, situate in Multnomah County, Oregon, being notification No. 6,751, containing 317.06 acres, more particularly described in the complaint, with the exception of 55 acres designated therein; that they are the owners also of lots 9 and 10 of section 26, and lots 1, 2, 3, 4, and 6 of section 27, township 3 north, range 1 west of Willamette meridian, containing 116.53 acres; that each of the parties own a one-eighth interest in the lands, defendant J. L. Reeder being the husband of Mary R. Reeder. The plaintiffs ask that the property be partitioned.

The defendants answered, denying the allegations of the complaint as to a portion of the land, and alleging that the parties to this cause (except defendant Mary R. Reeder) are the heirs at law of Simon M. and Catherine Reeder, deceased; that on the 8th day of November, 1905, Catherine Reeder, being the owner in fee of the north half of said donation land claim, for a legal consideration, executed and delivered a warranty deed to J. L. Reeder (a copy of which is set forth in the answer) conveying "the north half of the Donation Land Claim of S. M. and Catherine Reeder, except the old home, together with twenty acres adjacent thereto, the south line of said twenty acres to be on the north side of road fence of road running east and west, said twenty acres to be as nearly square as

possible and bridge across slough lying and being on
J. L. Reeder part''; that on the 22d of November,
1905, Catherine Reeder died, and the defendant J.
L. Reeder entered into possession of the land de-
scribed in the deed; that the defendant and his
grantees have ever since been in the continuous and
actual possession thereof; that about the 2d day of
December, 1905, the plaintiffs commenced a suit
against defendant J. L. Reeder in the Circuit Court of
the State of Oregon for Multnomah County, to cancel,
annul and set aside the conveyance of Catherine
Reeder, deceased, to J. L. Reeder; that on the 24th of
November, 1906, a decree of that court was duly ren-
dered and entered decreeing and declaring the same
to be a good, sufficient conveyance of the aforesaid 140
acres of land; that the absolute and fee-simple title
thereto was by such deed conveyed to J. L. Reeder
(setting forth a copy of the decree); that the decree
was affirmed by the Supreme Court of the State of
Oregon on the 22d day of November, 1907 (see *Reeder
v. Reeder,* 50 Or. 204 [91 Pac. 1075]); that the same has
never been set aside nor modified; that all questions
concerning the validity of the transfer of the above
lands, and the validity, accuracy and sufficiency of the
description thereof, and all other questions concerning
the right, title, interest, claim or demand of the par-
ties, should have been litigated and determined in said
suit; that the absolute and fee-simple title of the de-
fendant J. L. Reeder was therein quieted as against all
claims of plaintiffs in the lands described in the deed;
that therefore the plaintiffs are and ought to be es-
topped and concluded by said decree. Plaintiffs by
their reply deny that all questions concerning the
validity of the transfer of the lands, or the validity,
accuracy and sufficiency of the description, and all
other questions concerning the rights, titles, claims

or interest of the plaintiffs were litigated or determined in the suit mentioned; or that any question was litigated except the question as to whether or not the alleged deed of conveyance from Catherine Reeder to J. L. Reeder was executed through fraudulent representations; or that the former was induced to execute the same by fraud.

The court made findings of fact and conclusions of law in favor of the contention of the defendants, and afterwards appointed referees to partition the property, and directed that the lands set apart to J. L. Reeder from the 20-acre tract should be contiguous to the lands which he now owns. Two of the referees made a report for a partition of the land into eight parts, allotting one part of each tract to the different parties, with the exception of that known as Horse Shoe Island, in regard to which the referees reported as follows: "We have divided into eight equal parts of equal areas, by lines running north and south through said island, the east 14½ acres to be awarded J. L. Reeder. The remaining eighths of land heretofore described and divided we recommend to be awarded to the respective heirs by choosing lots." The third referee reported to the court that the division of the estate proposed and outlined on the map by the other referees was as fair as it was possible to make, except that he did not consider the description in the deed for the 20-acre tract sufficient to enable them to locate the same. Plaintiffs objected to the majority report for the reason that the description in the exception in the Catherine Reeder deed, as to the 20-acre tract, was too indefinite to be enforceable. The court overruled the objections and confirmed the report of the referees. AFFIRMED.

For appellants there was a brief over the names of *Mr. Samuel B. Huston* and *Mr. Robert A. Miller,* with an oral argument by *Mr. Huston.*

For respondents there was a brief over the names of *Mr. S. H. Haines* and *Mr. Allan R. Joy,* with an oral argument by *Mr. Haines.*

MR. JUSTICE BEAN delivered the opinion of the court.

Counsel for plaintiffs contend that the description of the exception in the deed of Catherine Reeder to J. L. Reeder is so vague and uncertain that it is impossible to determine what land was intended to be conveyed.

1. The position of counsel for defendants is that this question is *res adjudicata.* In the former suit wherein the title of defendant J. L. Reeder to the north half of the donation land claim of Simon M. and Catherine Reeder, with the exception of the "old home place" of 20 acres, was in question, it was incumbent upon plaintiffs to have asserted any right they might have had to the land in controversy affecting the title thereof. The title to the land was the very thing in issue in that suit.

There is no room for controversy, under the authorities, as to the rule of law that an issue once determined upon the merits, in a court of competent jurisdiction, cannot be litigated again between the same parties. Such a judgment in a subsequent litigation for the same thing is an absolute bar and concludes the parties and their privies, not only as to every matter that was actually litigated, but as to any other matter that might have been litigated: 2 Black, Judg., § 504; *La Follet* v. *Mitchell,* 42 Or. 465, 472 (69 Pac. 916, 95 Am. St. Rep. 780) ; *Pacific Biscuit Co.* v. *Dugger,* 42 Or. 513, 517 (70 Pac. 523).

2. In their complaint in the case at bar the plaintiffs ignored the deed from Catherine Reeder to J. L. Reeder which had been decreed to be valid, and under which J. L. Reeder held title to the land therein described. By so doing, the plaintiffs again asserted title to this land which they failed to recover in the former suit. It is necessary at some stage of litigation to say "so shall it be." However, if we waive this question, it appears to us from the record that the south side of the 20 acres of land excepted from the grant in the deed referred to bordered upon a fence, and the east side upon the bank of the river, leaving the two other sides only to be established by measurements so as to make the 20 acres as nearly square as possible. We do not understand that the tract described in the exception is a "float," or could be moved, so to speak, in either direction. It could not be located farther to the east, as that would make it partly in the river and off the Reeder place, which of course was not contemplated by the deed, and it would not then be "on the north side of road fence." It could not be selected farther west, as it would not then be "on the north side of road fence" according to the description contained in the exception, as the fence does not extend westward beyond the square 20-acre tract. For all practical purposes there is one side of square given, viz., the fence upon which to construct a square containing 20 acres.

F. L. Campbell, a competent surveyor, testified that he examined the place and that he could locate the 20-acre tract as set out in the deed, and from the description therein given. It also appears from the report of the referees appointed to partition the land that they did locate this tract from the description in the decree and deed. The description of land in a deed by which the property can be identified by a competent surveyor with reasonable certainty, either with or

without the aid of extrinsic evidence, is sufficient: *Smiley* v. *Fries,* 104 Ill. 416; *Pennington* v. *Flock,* 93 Ind. 378; *Campbell* v. *Carruth,* 32 Fla. 264 (13 South. 432); *Flegel* v. *Dowling,* 54 Or. 40 (102 Pac. 178, 135 Am. St. Rep. 812, 19 Ann. Cas. 1159).

3. Objection is made upon this appeal to that part of the report of the referees in regard to the tract known as Horse Shoe Island, for the reason that they awarded one part to J. L. Reeder, leaving the remaining seven parts, as described and divided, to be awarded to the respective heirs at law by choosing lots; and also that the referees should have marked and designated the lines by a proper landmark. We would understand the report of the referees to the effect that they ran lines and divided the different tracts to mean that they marked the same on the ground. However, it is not stated how the lines were designated. When the report of the referees was made, plaintiffs interposed specific objections thereto which included only the objection as to indefiniteness of description in the exception. Any irregularities or informalities in that report should have been called to the attention of the court, thereby giving an opportunity to correct the same; and, by failing to do this, plaintiffs are not in a position now to complain of an incomplete or too general report of the referees. Evidently the referees were of the opinion that the plaintiffs were on good terms and could allot among themselves the different parcels on Horse Shoe Island, as it had been divided. The plaintiffs at that time did not appear to be dissatisfied with that part of the report.

4. Plaintiffs claim that there was error in the interlocutory decree for the reason that the court instructed the referees to locate J. L. Reeder's portion of the old home 20 acres contiguous to the lands already owned by him. Had it appeared at the time

of the report of the referees that their report was unfair or inequitable as to such allotment, plaintiffs would have reason to complain. As it was shown to be fair, no injury has resulted to them on account of such instructions.

Plaintiffs, if they so desire, upon proper application to the Circuit Court, should be permitted to have the partition of the Horse Shoe Island tract completed. With this provision the decree of the lower court is affirmed; defendants to recover costs.        AFFIRMED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE MCNARY concur.

Decided December 23, 1913.

ON PETITION FOR REHEARING.

(137 Pac. 191.)

MR. JUSTICE BEAN delivered the opinion of the court.

5. In a petition for rehearing, counsel for plaintiffs first call attention to a mistake in the description in the decree of the lower court of one of the tracts of land involved in his suit for partition, known as the "Old Home Place." From the record it appears that the report of the referees correctly describes the tract, but the decree, after reciting the report of the referees, further describes the tract, omitting the north line thereof. This description should therefore be corrected so as to conform to the report of the referees.

6. As to the costs, Section 483, L. O. L., provides in part that the costs of partition, including the fees of referees and other disbursements, shall be paid by the parties respectively entitled to share in the lands divided, in proportion to their respective interests therein, and may be included and specified in the decree. The costs in the lower court and in this court

will therefore, according to that section, be apportioned, one eighth thereof to the defendants and one eighth to each of the plaintiffs.

With the exception of these modifications the former opinion is adhered to.   The rehearing is denied.

MODIFIED: REHEARING DENIED.

MR. JUSTICE McBRIDE, MR. JUSTICE EAKIN and MR. JUSTICE McNARY concur.