Argued at Pendleton May 1; affirmed May 16; rehearing denied
June 13, 1939

## EASLEY *v.* BOTTEMILLER ET UX.

(90 P. (2d) 481)

`In Banc.

*Francis V. Galloway,* of The Dalles (Galloway & Krier, of The Dalles, Teunis J. Wyers, of Hood River, and Ronald Rew, on the brief), for appellants.

*MacCormac Snow,* of Portland (William A. Carter of Portland, on the brief), for respondent.

RAND, C. J. These proceedings were instituted to recover a broker's commission under a written contract stipulating the amount to be paid. The plaintiff recovered judgment for the stipulated sum and the defendants have appealed.

The facts out of which this controversy arose are briefly as follows: On July 28, 1938, the defendants, J. H. Bottemiller and wife, were the owners of some 1,360 acres in Gilliam county, Oregon. They had owned and farmed this land for many years and, on said date, it was encumbered by mortgage and tax liens amounting to the sum of $10,056.28, of which $2,254.97 was for unpaid taxes. The plaintiff, E. A. Easley, and his assignor, H. C. Wood, are real estate brokers, who were

employed by the defendants to effect an exchange of their lands for 30 acres of fruit land in Hood River county, Oregon, belonging to Victor W. Thomsen, and $2,500 in cash which Thomsen was to pay to the defendants upon the exchange being consummated. For this service, when performed, the defendants agreed in writing to pay $1,000 in cash at the time the deal was closed. Pursuant thereto, Easley prepared a contract for execution by the defendants and by Thomsen and wife, agreeing to make an exchange of their respective properties upon the terms above stated, and had the same signed by the defendants and later by the Thomsens. Subsequently and on or about August 5, 1938, each of said parties conveyed their respective premises in accordance with said contract and Thomsen paid to the defendants the sum of $2,500, and defendants took possession of said 30-acre tract of land and are now in possession thereof.

The defendants, however, failed and refused to pay the stipulated commission or any part thereof and thereupon Wood assigned his interest in the claim to the plaintiff and plaintiff brought this action to recover the stipulated amount, and, in said action, a writ of attachment was issued and a notice of garnishment served and certain moneys were garnished thereunder.

Subsequent to the filing of this complaint and the attachment of said moneys, the plaintiff voluntarily filed an amended complaint, alleging his cause of action as in the original complaint and, in addition thereto, that in the contract entered into between the defendants and the Thomsens a part of the land which the defendants were to convey was erroneously described and praying for the reformation of that contract. And this was done without bringing in the Thomsens or either

of them and without naming them as parties plaintiff or defendant in the cause. Neither the plaintiff nor his assignor was a party to the contract sought to be reformed and the commission contract upon which the plaintiff's cause of action is based and the contract sought to be reformed are two separate and different contracts.

To this amended complaint, the defendants answered, setting up as a defense thereto that in their contract with the Thomsens it was agreed that the lands contracted to be conveyed by the defendants to the Thomsens should be free from all mortgage and tax liens in excess of the sum of $10,000, and that the lands contracted to be conveyed by the Thomsens should be free from all mortgage and tax liens in excess of the sum of $4,200, and that, when the Thomsens conveyed their lands to the defendants they were subject to mortgage and tax liens in the sum of $4,200 and, in addition thereto, to a chattel mortgage on the growing crop in the sum of approximately $1,440. And, it was further alleged in defendants' answer that at the time of said transfer the plaintiff and his assignor, who were acting as the agents of the defendants, had knowledge of the existence of said chattel mortgage and that the defendants had no knowledge thereof and made the transfer in ignorance of that fact.

These allegations were denied by the reply. There was no demurrer filed to the amended complaint, nor was any objection thereto made by the defendants. Later, the cause was apparently tried as if it was a suit in equity and not an action at law and, upon the issue thus raised, the trial court found from the evidence that the defendants did have knowledge of said chattel mortgage at the time said transfers were made

and that they accepted the deed for the 30-acre tract as a full and complete fulfillment of the contract.

█ The evidence offered was amply sufficient to sustain the court's findings that the defendants did have such knowledge and that there had been no concealment or fraud upon the part of the plaintiff or his assignor.

The court then entered a judgment for plaintiff in the sum of $1,000 and directed that the garnished money be paid over in satisfaction of plaintiff's judgment. ...

Upon the argument here, the question was asked whether this was an action at law or a suit in equity and it was argued that it was a suit and not an action at law. The question is of importance because if it is an action at law, then, under section 2-503, Oregon Code 1930, the findings of the trial judge have the force and effect of a verdict of the jury, while if it is a suit in equity, upon an appeal the cause is tried de novo on the transcript and evidence accompanying it.

█ It is elementary that in a suit for the reformation of a contract, the contracting parties are necessary parties to the suit. See *Welch v. Johnson,* 93 Or. 591, 603, 183 P. 776, 184 P. 280, and authorities there cited. Since the Thomsens were not made parties to the action or suit, there could be no reformation of the contract which they had entered into with the defendants, and hence, the court had no jurisdiction in their absence to reform the contract. The plaintiff was not a party to the contract which he sought to have reformed nor was he in privity with any of the contracting parties, nor did his remedy in the law action depend to the slightest extent upon the reformation of the contract entered into between the Thomsens and the defendants, and, since the court had no authority to grant the relief of reformation,

plaintiff was not entitled to any equitable relief and, therefore, the allegations and prayer in the amended complaint for reformation were merely surplusage and insufficient to change the character of the action at law into a suit in equity. Moreover, there can be no attachment, under our statute, in a suit in equity. That remedy is applicable only in actions at law. Hence, the plaintiff, in maintaining his attachment until the very close of the case and then obtaining an order to apply the attached property in satisfaction of the judgment, was inconsistent in his contention that this is a suit in equity.

■ Again, the plaintiff, during the trial, excepted to certain rulings of the court which would have been unnecessary in an equity suit. The rule upon that question is stated in *Sutherlin v. Bloomer*, 50 Or. 398, 93 P. 135, as follows:

"It accordingly follows that exceptions to the rulings of the court in equity suits are unnecessary, save in the particular instance designated in B. & C. Comp. § 406, where the court may refuse to permit testimony offered to be taken over its rulings in sustaining objections thereto, in which event an exception to such refusal appearing in the record is sufficient to indicate that no waiver of the right claimed is intended."

We, therefore, hold that this appeal is from a judgment in a law action and not from a decree in equity and that the findings of the court have the force and effect of a verdict, and this renders unnecessary any further reference to the testimony showing defendants' knowledge of the existence of the chattel mortgage above referred to.

■ The defendants objected to the admissibility of certain testimony tending to show defendants' knowl-

edge of the existence of the chattel mortgage and that the defendants accepted the deed as full satisfaction of their contract with the Thomsens, as being an attempt to vary by parol the terms of a written instrument. It is well settled in this state that:

"The rule that an instrument in writing cannot be contradicted or varied by parol evidence applies only between the parties and their privies, and cannot be invoked in controversies between third parties and any of the parties to the contract." *Pacific Biscuit Co. v. Dugger,* 42 Or. 513, 516, 70 P. 523, 525.

■ Under the settled law of the state, the evidence objected to was admissible. Finding no error in any of the rulings of the court, the judgment appealed from must be affirmed, and it is so ordered.

BAILEY and LUSK, JJ., not sitting.