[Filed June 7, 1888.]

## J. I. CASE THRESHING MACHINE CO., PLAINTIFF, v. W. H. SMITH, DEFENDANT.

AGREEMENT— WHEN OBLIGATORY.— Where an order sets forth the terms of a com-
    plete agreement, and it is signed by the party to be charged, it is not essential
    that the writing should bear the signature of the other party; but to make it
    obligatory, it is necessary that the other shall have accepted or assented to the
    terms of the agreement it contains.

EXECUTORY CONTRACT.— An executory contract, in which the plaintiff has obtained
    the note or memorandum essential to charge the defendant, but has not given a
    corresponding one itself, may enforce it, although the defendant cannot, and
    the former having secured, while the other has not, the evidence, which the
    statute has made indispensable to its enforcement.

SAME.— In such case the order or contract is a necessary part of the plaintiff's case
    to show its acceptance of the order and compliance with the terms, but the
    defendant could not set it up as new matter, for he lacked the evidence which
    the statute has made indispensable to charge the plaintiff and prove his alle-
    gations.

REPLEVIN.— When in an action of replevin the plaintiff had simply proved orally that
    his agent had sold a machine and taken an old one in part payment, and was
    content thus to establish his title to it, the defendant had the right to meet and
    rebut this, by showing upon the case made that there was an implied obligation
    which the law imposed to furnish a machine reasonably fit to serve the purposes
    to which it was to be applied, and that the plaintiff had not performed such
    obligation when he had delivered a machine that would not do ordinary good
    work.

SAME. — Where to obviate this the plaintiff procured such order or contract to be
admitted as part of the evidence of the defendant and against his objection, in
order to avail itself of the benefit of its provisions and to deny the debt, the
provisions in his favor on account of his failure to settle on delivery did not
relieve the plaintiff of proving that he furnished the machine ordered, and which
was reasonably fit for the purpose intended, or the defendant of showing his
non-compliance therewith, because such undertaking was a part of the contract
precedent, to be performed by the plaintiff before any obligation devolved upon
the defendant under such contract.

CONDITION PRECEDENT. — The reason is that such facts constitute a part of the con-
tract of sale itself, and operate as a condition precedent and not as a warranty
or agreement collateral to the sale.

*R. Williams,* and *Cox, Smith & Teal,* for Appellant.

*Ford & Kaiser,* for Respondent.

LORD, C. J. — The action is in replevin. The complaint is
in the usual form, and all the facts alleged in it are specifically
denied by the answer. Upon the trial, verdict and judgment
went for the defendant, and the plaintiff appeals therefrom to
this court. The objections urged in reversal of the judgment
are directed to two points, and relate to the admissibility of
certain evidence excepted to, on the grounds that it was not
supported by any allegations contained in the answer, and that
the defendant under the terms of his order had waived its con-
ditions, and was not, therefore, entitled to offer any evidence in
respect thereto.

These questions arise in this wise: The defendant and an
agent of the plaintiff conducted oral negotiations for the purchase
of a threshing machine, which resulted in the execution by the
defendant of an order addressed to the plaintiff, in substance,
that the plaintiff should ship, on or before a certain time therein
specified, a threshing machine to the undersigned defendant of
the description named, which was warranted to be made of good
material and durable, and with good care to do as good work as
any machine in the United States; that if after a trial of ten
days the machine would not bear the above warranty, written
notice was to be given by the defendant to the plaintiff, stating
wherein it failed to satisfy such warranty, and reasonable time
was to be given to the plaintiff to remedy the difficulty, and to
replace any defective part of such machinery; and if then the

machine could not be made to fill such warranty, it was to be
returned to the purchaser free of charge to the place where
received, and another substituted therefor, which should fill the
warranty, etc.; and further providing that all warranties are to
be invalid in case the machine is not settled for when delivered,
etc., and in consideration thereof the defendant agrees to receive
the same on arrival, and on delivery to pay to the agent of the
plaintiff cash or notes with approved security, etc.  On the
margin of this order is written: " Mr. Smith agrees also to
deliver one thirty-inch Westing horse separator and ten-inch H.
power to Turner's Station, free of charge, and complete, ready,
and in good working order, together with all tools to make com-
plete."  This is known on this record as the old machine.

At the trial the agent of the plaintiff testified that the agreed
price for the new machine which had been ordered by the defend-
ant was two thousand dollars, made up of seventeen hundred
dollars in notes and an old machine, which was to be taken at a
valuation of three hundred dollars; and this is the machine to
recover which the present action was brought.  After the plaint-
iff had rested, the defendant offered evidence tending to prove
that the machine did not do ordinarily good work; that notice
of the defects was given, and that after repeated efforts by the
agents of the plaintiff to remedy it, it still failed to do ordi-
narily good work, and was of "no account"; that before the
expiration of ten days the defendant returned the machine to the
station whence it was received, for the reason that it would not
do ordinarily good work at threshing grain, and was not reason-
ably fit to serve the purposes for which it was ordered, and to
which it was to be applied, to all of which evidence the plaintiff,
by his attorneys, excepted.  The defendant himself testified that
the purchase price of the new machine was seventeen hundred
dollars and not two thousand dollars, and the understanding was
that if he accepted the new machine he was to have the option
of turning in the old machine upon the purchase price at two
hundred dollars.  It also appears that the defendant had not
settled for the machine, nor after its return to the station had
the agent of the plaintiff offered to substitute another for it,

although present during much of the time from its receipt until its return. There were certain instructions also asked which were refused; but as they were designed to raise the same objection suggested as to the admissibility of the evidence, they may be dismissed without further notice.

The argument for the exclusion of the evidence excepted to proceeds upon the theory that when the defendant signed and sent his order, and in pursuance thereof the machine was sent to the defendant, there was a completed sale or executed contract, and as the old machine constituted a part of the consideration for such contract, it was included in such sale, and became the property of the plaintiff; and that by the defendant's neglect or failure to give the notes required by the terms of his order, the warranties therein failed, and consequently no evidence in respect to them was admissible. The contention, therefore, is (1) that before the defendant could offer any evidence of the failure of the machine to comply with the warranty as to its working capacities, the facts thereof must have been set up as new matter; and (2) that if set up in this action the defense would be unavailing, for the reason that the failure to give the notes, or settle as provided in the order, worked a waiver of the conditions therein expressed.

In making out its case at the trial, the record discloses that the plaintiff ignored the order; it did not offer it in evidence to show compliance with its conditions and to establish its title to the old machine, but during the cross-examination of the defendant procured its introduction against the objection of his counsel as part of his testimony. It is to be noted that this order is not signed by the plaintiff, nor any one on its behalf, but it is signed by the defendant, the party to be charged thereby. Nor is it essential that the writing should have the signature of the plaintiff. To make it obligatory upon the defendant it is only necessary that the plaintiff should have accepted or assented to the terms of the agreement it contains. (*Justice* v. *Lang*, 42 N. Y. 403; *Dressel* v. *Jordan*, 104 Mass. 412.) Now this order referred to is simply a proposal on the part of the defendant as to the terms on which he offered to purchase a threshing machine.

It was an order asking the defendant to send him a machine on certain express conditions therein named, which the plaintiff undertook to fill, and must, therefore, have accepted or assented to. It provided in substance, as a condition precedent to its acceptance, that it must do as good work as any machine in the United States by using it with proper care, and for the purpose of ascertaining whether it would comply with such conditions, the defendant was given the right to test it by ten days' trial. By its terms, therefore, the machine is delivered to the defendant to fix his acceptance or rejection of it. The law is plain that there can be no absolute sale by which the ownership of a chattel is transferred until there has been an acceptance with an intent to receive it as owner. But whether the defendant would accept the machine and thereby become the owner of it, depended on the fact to be demonstrated whether it fulfilled the conditions named, and would "do as good work as any other machine in the United States." Necessarily while such right remained, the contract could not be executed, and no title to either the new or old machine passed.

We have, then, an executory contract, in which the plaintiff has obtained the note or memorandum essential to charge the defendant, but has not given a corresponding one itself; "and in such case," said Virgen, J., "the plaintiff may enforce it, although the defendant cannot, the former having secured, while the other has not, the evidence which the statute has made indispensable to its enforcement." (*Williams* v. *Robinson*, 73 Me. 194.) The contract, therefore, was a necessary part of the plaintiff's case, to show its acceptance of the order and compliance with its terms, but the defendant could not set it up as new matter, for he lacked the evidence which the statute has made indispensable to charge the plaintiff and prove his allegations. Besides, as the case stood, the plaintiff had simply proved orally that his agent had sold the new machine to the defendant, and taken the old one in part payment. By this evidence he was content to establish his title to the old machine, and as a consequence that the contract was fully executed on his part.

The defendant had the right to meet and rebut this, and he

sought to do it, not by showing that any conditions of the order had not been kept by the plaintiff, or to enforce any of the conditions of such order or other writing, but by showing, upon the case made by the plaintiff, that there was an implied obligation which the law imposed to furnish a machine reasonably fit to serve the purposes to which it was to be applied or used, and that the plaintiff had not performed such obligation when he had delivered a machine which would not do ordinarily good work, and was of "no account." In such case the evidence was clearly admissible. But to obviate and exclude this evidence the plaintiff procured the order to be admitted in the manner already stated, and now seeks to avail itself of the terms of the order beneficial to it, and to deprive the defendant of the benefit of the conditions essential to his protection, and required to be performed by the plaintiff as a part of such sale, because it is argued that the failure of the defendant to settle when the machine was delivered operated as a waiver of the conditions as to the fitness of the machine, and its capacity to do as good work as any other machine in the country.

This argument assumes that it makes no difference what kind of machine the plaintiff may have delivered to the defendant, or how unfit it may have been to serve any purpose to which it was to be applied. He has precluded himself, by his conduct in not settling for the machine when delivered, from raising any objections to it, or offering any evidence in respect to the conditions contained in the order, or otherwise; but this does not relieve the plaintiff in the form in which this action is brought of the necessity of showing title in itself, and which, it must be admitted, can only be done by showing a contract executed on its part. To do this it was incumbent on the plaintiff to prove a compliance with those conditions necessary to be performed by it to constitute a sale. It was required to prove that it furnished a machine of the working quality ordered, and fit for the purpose intended, because such undertaking was a part of the contract of sale itself, and operated as a condition precedent, to be performed by the plaintiff before any obligation devolved upon the defendant under the contract. Its evidence in establishing

such facts to make out its right and title to the old machine, the defendant could rebut by showing the facts to be otherwise.

This would admit the evidence excepted to, and which the court admitted, because such evidence tends to controvert the facts which the plaintiff must establish, that the machine delivered was such as the defendant agreed to purchase, and to show its non-compliance with its engagement. The reason is that such facts constitute a part of the contract of sale itself, and operate as a condition precedent, and not as a warranty or agreement collateral to the sale. To say that the conduct of the defendant nullified this obligation is to destroy the contract itself, and consequently, until the plaintiff performed, or showed a performance of such conditions precedent, there was nothing to fix an acceptance on the part of the defendant, or to show a complete sale on its part. Again, if it be said that the plaintiff was not bound by the order, or that such conditions of the order were not enforcible against it by the defendant for the want of its signature, and the case stood as to the plaintiff without such order, or unilateral, yet there would exist the implied obligation which the law enforces, that the plaintiff should furnish a machine fit for the purpose of doing ordinary work at threshing grain, and the right of the defendant on receipt of the same to a reasonable time in which to examine and test it, for the purpose of ascertaining whether it corresponded with the implied condition as to fitness or its working qualities.

While this right remained there could be no executed sale — no acceptance with the intent to become owner — and without this no title passed to the old machine, conceding it was to be a part of the consideration, although the evidence is conflicting in respect to it. So that in any view, as this record stands, we think the judgment must be affirmed.