Argued March 17, decided June 1, 1909.

**FLEGEL *v.* DOWLING.**

[102 Pac. 178.]

FRAUDS, STATUTE OF—SUFFICIENCY OF MEMORANDUM—DESCRIPTION OF PROPERTY.

1. The written memorandum of an agreement to sell realty should contain sufficient description to show a common intention with reference to a

particular piece of property; and a memorandum, dated at Portland, where the parties resided, describing the subject-matter of the contract as lots 3 and 4, block 18, A. H., which the evidence showed meant Albina Homestead, of which a plat had been duly recorded in Multnomah County, in which Portland is situated, which plat shows a block 18 containing lots 3 and 4, taken in connection with admissions in the pleading that defendant owned lots 3 and 4, block 18, in Multnomah County, Oregon, sufficiently identifies the property described to satisfy the statute of frauds, though the writing did not state the county and the state in which the property was situated.

FRAUDS, STATUTE OF—REQUISITES OF WRITING—SIGNATURE—SIGNING BY AGENT.

2. The real estate agent's authority being only to find a purchaser for the owner, and not to execute a contract of sale, it is unnecessary that his authority be in writing, in order to bind a purchaser from the owner, who was procured by the agent, so that, where the memorandum merely acknowledged receipt by the agent of an offer from the owner to the purchaser upon the terms stated therein, subject to the owner's approval, the agent's authority could be shown by parol evidence.

BROKERS—REAL ESTATE BROKERS—SCOPE OF AUTHORITY.

3. A real estate agent is not ordinarily authorized to conclude or execute a contract of sale, but merely to find a purchaser for the owner, leaving the terms and conditions of sale to further negotiations between him and the purchaser.

FRAUDS, STATUTE OF—REQUISITES OF MEMORANDUM—DESCRIPTION OF PARTIES.

4. The memorandum evidencing a contract to sell realty must show the parties to the contract by some reference sufficient to identify them, and is sufficient if it shows with reasonable certainty the other party to the contract, in addition to containing the signature of the party to be charged.

VENDOR AND PURCHASER—CONTRACT—ACCEPTANCE—NECESSITY.

5. The acceptance of an offer to purchase realty, with the addition of an additional provision, amounted to a counter offer, and would not bind the purchaser until accepted by him.

FRAUDS, STATUTE OF — SUFFICIENCY OF MEMORANDUM — SEPARATE WRITINGS.

6. Several writings may be taken together to show a memorandum sufficient to satisfy the statute of frauds, and the writings are sufficient if, when taken together, they constitute a memorandum subscribed by the party to be charged, and showing the contracting parties, the subject-matter, and consideration.

FRAUDS, STATUTE OF—SUFFICIENCY OF MEMORANDUM—SEPARATE WRITINGS—PAROL EVIDENCE TO CONNECT WRITINGS.

7. A writing signed by defendant acknowledged receipt from M. of $45, part payment on lots 3 and 4, block 18, Albina Homestead, purchase price $800, payable $350 cash, and remainder in three years at 6 per cent interest, and stated that the purchaser assumed a sewer assessment; and another writing, signed by M. as agent, recited receipt from plaintiff's assignor of $50, part payment on lots 3 and 4, block 18, Albina Homestead, purchase price $800, with a sewer assessment, terms $350 cash, and balance in three years at 6 per cent, and stated that it was subject to the owner's approval. In an action by plaintiff to compel a conveyance of the property described in the writings, plaintiff offered to show by parol evidence that his assignor was the purchaser of the property, and that M. was defendant's agent to bring the parties

together, and not the purchaser, as indicated by the first memorandum. *Held*, that the evidence was admissible to connect the instruments and show the nature of the transaction to which they referred, and that plaintiff's assignor, and not M., was the real purchaser.

FRAUDS, STATUTE OF—SUFFICIENCY OF MEMORANDUM—SALE OF REAL PROPERTY.

8. The writings, when taken together and explained by the surrounding circumstances, are sufficient, within the statute of frauds, to show a valid contract by defendant with plaintiff's assignor to sell the property upon the terms stated therein.

SPECIFIC PERFORMANCES—MUTUALITY—NECESSITY OF SIGNATURE OF BOTH PARTIES.

9. Specific performances may be granted at the suit of one who did not sign the contract, against the other party who did sign it.

From Multnomah: ARTHUR L. FRAZER, Judge.

Statement by MR. JUSTICE SLATER.

This suit was brought by the plaintiff, A. F. Flegel, as assignee of Peter Kregar, against Peter Dowling, to enforce the specific performance of an alleged contract, made by the defendant with Kregar, whereby the former agreed to sell to the latter, lots 3 and 4, in block 18, of Albina Homestead, in Multnomah County, Oregon, for the agreed price of $800, together with $76.20 sewer assessment thereon, to be paid by the purchaser; $350 of the purchase price to be paid in cash, and the remainder thereof in three years, with interest at 6 per cent per annum, payable semi-annually.

It is alleged in the complaint that defendant is the owner of the property described, and that the alleged agreement was entered into, and memoranda thereof were made and signed, by the defendant in the following manner and form; that James Maguire, acting as agent of the defendant, but without written authority, executed and delivered to Peter Kregar the following receipt and memorandum:

"Portland, Or., May 24, 1906.

"Received from Peter Kregar $50, part payment on lots 3 and 4, block 18, A. H., purchase price $800, with $76.20 sewer assessment; terms, $350 cash, balance in three years, at 6 per cent. This is subject to owner's approval.

(Signed)                    "James Maguire, Agent."

That Maguire reported to defendant, for his approval and ratification, the receipt by the former of $50, as part payment, and the making of the memorandum or receipt, and that defendant approved and ratified the same, and executed the following receipt or memorandum as evidence thereof:

"Portland, Or., May 25, 1906.

"Received of James Maguire $45, part payment of lots 3 and 4, block 18, Albina Homestead, purchase price $800, payable $350 cash, and the remaining $450 payable in three years, at the rate of 6 per cent per annum, interest payable semi-annually. The conditions of this sale are that the owner is to furnish a clear title to said lots, and good and sufficient warranty deed, and an abstract, the cost of the abstract is to be paid by the purchaser. The purchaser assumes $76.20 sewer assessment.
(Signed)                              "Peter Dowling."

It is also alleged that Kregar paid Maguire, as agent of defendant, the $50 mentioned in the first receipt or memorandum, and of that amount the latter paid $45 to Dowling; that the second receipt, as well as the first, was delivered to Kregar; that Kregar duly assigned his interest in said contract to the plaintiff, who thereafter made a proper tender to defendant of the cash payment and of a note and mortgage, duly executed by plaintiff and his wife, for the amount of the deferred payment, accompanied by a demand for a deed, with a refusal by defendant to comply therewith.

The answer admits defendant's ownership of the property described in the complaint, but, by general denial, traverses the remainder thereof. At the close of plaintiff's testimony, defendant declined to offer any testimony in his own behalf, and thereupon the court made findings in his favor, upon which a decree was entered dismissing the complaint, and from which the plaintiff has appealed.

REVERSED.

For appellant there was a brief and an oral argument by *Mr. John W. Reynolds.*

For respondent there was a brief and an oral argument by *Mr. James Gleason.*

MR. JUSTICE SLATER delivered the opinion of the court.

Upon the trial, Maguire, as plaintiff's witness, testified that his occupation was that of a real estate agent, and that he was acquainted with the defendant. When asked to state what, if any, arrangement or authority was given him by defendant relative to the sale of his property, an objection was interposed by defendant to the effect that, as the matter inquired about, concerned the sale of real property, his authority should be in writing. Thereupon, without the question having been answered, plaintiff offered in evidence the first receipt above noted, which was received in evidence over defendant's objections. The second receipt or memorandum was then offered, but was objected to by defendant, upon the ground that it appeared to be a memorandum of a transaction between parties different from those mentioned in the first receipt, and that the description of the property therein was insufficient to identify it. The objection was sustained. Plaintiff was then permitted, subject to defendant's objections, and notwithstanding the ruling of the court sustaining the same, to place in the record parol testimony of Maguire that he had verbal authority from defendant to procure for him a purchaser for the premises for $800, upon the terms stated in the memoranda; that he secured Kregar as a purchaser for the price, and upon the terms stated in the first receipt; that he reported the same to defendant for his confirmation, and paid him $45 of the money received from Kregar; that defendant executed and delivered to him the second receipt or memorandum, which he thereafter delivered to Kregar, and that the two receipts referred to the same transaction. The plaintiff also gave testimony respecting the assignment to him by Kregar of his rights under the contract, which assignment is in writing and indorsed upon the first receipt.

1. The objections entered by defendant to plaintiff's testimony reach two provisions of the statute of frauds, the first of which declares an agreement for the sale of real property, or of any interest therein, to be void unless the same, or some note or memorandum thereof expressing the consideration, be in writing and subscribed by the party to be charged, or by his lawfully authorized agent, and that evidence of the agreement shall not be received other than the writing, or secondary evidence of its contents in the cases prescribed by law, and the second of which declares that an agreement concerning real property, made by an agent of the party sought to be charged, is declared to be void, unless the authority of the agent be in writing. Section 797, subds. 6 and 7, B. & C. Comp. The first objection to be considered is that, owing to the absence of the name of the county and state wherein the property is located, the memoranda do not definitely describe the subject-matter of the contract. In *House* v. *Jackson,* 24 Or. 97 (32 Pac. 1027), this court held that any description by which property might be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence, is sufficient to permit the specific performance of a contract in relation thereto; and in *Bingham* v. *Honeyman,* 32 Or. 129, 132 (51 Pac. 735: 52 Pac. 755), it was held that, where the property had been described as being in a designated county or locality, or in any other way so that it could be located by extrinsic evidence, it would be sufficiently definite in that regard. Now in the present case the subject-matter of the alleged contract is described in the first memorandum as lots 3 and 4, block 18, A. H. What the signification of the initials A. H. is, may be shown by parol testimony, and it is thus explained to be Albina Homestead. The memorandum containing the terms of the contract is dated at Portland, where the parties to the contract reside, and these facts, taken in connection with the admission in the pleadings that defendant is the

owner of lots 3 and 4, block 18, Albina Homestead, in Multnomah County, Oregon, are sufficient to identify the property. *Bogard* v. *Barhan,* 52 Or. 121 (96 Pac. 673). But aside from these considerations, descriptions of real property, omitting the town, county, or state where the property is situated, have been held sufficient where the deed or writing provides other means of identification. *Crotty* v. *Effler,* 60 W. Va. 258 (54 S. E. 345) ; *Hawkins* v. *Hudson,* 45 Ala. 482; *Webb* v. *Mullins,* 78 Ala. 111; *Garden City Sand Co.* v. *Miller,* 157 Ill. 225 (41 N. E. 753) ; *Lloyd* v. *Bunce,* 41 Iowa, 660; *Mee* v. *Benedict,* 98 Mich. 260 (57 N. W. 175: 22 L. R. A. 641: 39 Am. St. Rep. 543) ; *Norfleet* v. *Russell,* 64 Mo. 176; *McCullough* v. *Olds,* 108 Cal. 529 (41 Pac. 420) ; *Tewksbury* v. *Howard,* 138 Ind. 103 (37 N. E. 355) ; *Robeson* v. *Hornbarker,* 3 N. J. Eq. 60; *Quinn* v. *Champagne,* 38 Minn. 322 (37 N. W. 451).

In *Crotty* v. *Effler,* 60 W. Va. 258 (54 S. E. 345), it is said, at page 263, that: "Although the state, county, and district may be omitted from the description, it is essential that the land agreed to be sold be so described as to be capable of being distinguished from other lands. It is not necessary that the contract should contain such a description as, without the aid of extrinsic testimony, to ascertain precisely what was agreed to be sold." It should, however, contain a sufficient description to evidence a common intent of the parties to deal with respect to a particular piece of property as distinguished from other property. In this view the memoranda evidencing the contract are sufficiently specific to identify the property, when it is admitted and shown that there is, in Multnomah County, Oregon, a duly recorded plat of Albina Homestead, containing lots of the numbers and block corresponding to those stated in the memoranda.

2. The second objection to the validity of the contract, viz., that the authority of Maguire to act as the agent of Dowling in making a contract for the sale of the prop-

erty in question should be in writing, and that it cannot be shown by parol proof, is not well taken, because it is not alleged, nor is it attempted to be shown, that Maguire undertook to make a contract concerning the sale of real property, or that he had authority from defendant to enter into an agreement with another concerning the sale of this property. Maguire testifies that the arrangement with Dowling was "just the same as any other real estate man would have. I had a verbal agreement, and he gave me the price he wanted to sell at, and I listed it the same as I would any other property." The memorandum signed by Maguire as agent does not purport, upon its face, to make an agreement concerning real property, but amounts to no more than an acknowledgment by Maguire of the receipt of an offer from Kregar to the owner for the purchase of the property upon the terms therein stated, "subject to the owner's approval," accompanied by the tender of a part payment as evidence of good faith, which offer Maguire was authorized to receive and communicate to the defendant for his acceptance or rejection.

3. In general the authority vested in a real estate broker to sell property does not authorize him to conclude or execute a contract of sale, but simply empowers him to find a purchaser, leaving the terms and conditions of the sale subject to negotiations between his principal and such purchaser. *York* v. *Nash,* 42 Or. 321, 329 (71 Pac. 59). Such an agency is not within the statute of frauds, and may be shown by parol proof.

4. In *Wilson* v. *Hart,* 7 Taunt. 295, it was held that the statute of frauds does not exclude parol evidence to show that a written contract made between A., the seller, and B., the buyer, was, on B.'s part, made by him only as agent for C. Such evidence does not contradict the writing, but explains the transaction. *Ford* v. *Williams,* 21 How. 289 (16 L. Ed. 36). It is generally held that it is necessary the memoranda evidencing the contract

should show who the parties to the contract are by some reference sufficient to identify them, and if, in addition to its having the signature of the party to be charged, it appear, with reasonable certainty, who the other party to the contract is, it is sufficiently certain. Thus, a letter addressed by the defendant to, or received by him, from the plaintiff, sufficiently connected with other writings relied upon as constituting the memoranda, may be evidence to show the plaintiff to be a party to the contract, and the fact that the person to whom such letter was addressed was the agent of the plaintiff, and received it in that character, may be proved by parol evidence to show plaintiff to be the real promisee. Wood, St. Frauds, § 373.

5. The point to which plaintiff's parol testimony is directed, is not to show that Maguire attempted to make an agreement for his principal for the sale of real property, but to show that he was an agent to receive and transmit an offer and act as an intermediary between the contracting parties, nor to vary the terms of the second memorandum, but to explain the meaning of it, so that, where his name appears in the second memorandum apparently as principal, he was, in fact, acting as such agent; and, when this is shown, the effect of the second memorandum is to acknowledge the receipt and accept it as binding the offer made through him to the party subscribing the same. Moreover, it appears from the second memorandum that the offer made was accepted, but with the addition of a condition attached as to title and the furnishing of an abstract; and it would not have been binding upon Kregar except upon his acceptance thereof, and it amounts to a counter offer. Now, considering the nature of Maguire's agency, he was authorized to tender the same to Kregar for that purpose, which he did, and it was received by the latter, and accepted and acted upon by him, and therefore became a binding agreement.

6. The real question, then, in the case is this: Is the written evidence, subscribed by the defendant evidencing his acceptance of such offer, and containing the terms of the contract, sufficient to satisfy the requirements of the statute? The second memorandum, construed by itself, upon its face purports to state the terms of the contract of a sale made by Dowling himself as owner, with Maguire as a principal, and is sufficiently complete in all essential requirements to satisfy the statute, so as to be binding upon him. Construed by itself, it would undoubtedly sustain a suit in the name of Maguire for its specific enforcement, and it is contended by defendant that the terms thereof cannot be varied by parol proof to show that the former is not the real principal. On the other hand, plaintiff contends, in effect, that the second memorandum, signed by Dowling, is not the complete memorandum of the sale, but that the two must be taken and construed together as one transaction; but, when taken in connection with the surrounding circumstances, and as explained by the parol testimony, it develops that Kregar is the purchaser, and Maguire the agent of defendant to bring together the offer and acceptance of the respective parties. For this purpose we think the testimony of Maguire is admissible to show the circumstances under which the two instruments were executed, and how the parties acted with reference to them after they were executed, and what they did with them, and it remains to be determined what is the effect of them when considered together. Several writings may be taken together to make the memoranda of a contract sufficient to satisfy the statute. *Salmon Falls Mfg. Co.* v. *Goddard,* 55 U. S. (14 How.) 446 (14 L. Ed. 493); *Parkhurst* v. *Van Cortland,* 14 Johns. (N. Y.) 15 (7 Am. Dec. 427); *Lerned* v. *Wannemacher,* 9 Allen (Mass.) 416; Brown, St. Frauds, 359. Whatever form the agreement may assume, if the writing, or writings, viewed as a whole, constitute in essence and substance upon their

face a note or memorandum in writing, subscribed by the party to be charged, showing who the contracting parties are, the subject-matter of the sale, and the consideration, the statute is satisfied. *Jenkins* v. *Harrison,* 66 Ala. 345, 357; *Carter* v. *Shorter,* 57 Ala. 253; *Knox* v. *King,* 36 Ala. 369.

In *Knox* v. *King,* 36 Ala. 369, it was held that, when the memorandum in writing is itself complete, it cannot derive aid from another writing, unless the memorandum referred to the other writing, and also that oral evidence cannot be received to connect the two, or supply the wanting links. But in *Jenkins* v. *Harrison,* 66 Ala. 345, 357, it was held that the rule was not absolute, and that there are cases in which parol evidence of contemporaneous facts and of circumstances in which the parties were when the writings were signed will be received in evidence. *Thayer* v. *Luce,* 22 Ohio St. 62; *Salmon Falls Mfg. Co.* v. *Goddard,* 55 U. S. (14 How.) 446 (14 L. Ed. 493) ; *Beckwith* v. *Talbot,* 95 U. S. 289 (24 L. Ed. 496). In this last case it was said: "There may be cases in which it would be a violation of reason and common sense to ignore a reference which derives its significance from such proof. If there is ground for any doubt in the matter, the general rule should be enforced. But when there is no ground for doubt, its enforcement would aid, instead of discouraging fraud." In a still later case, that of *White* v. *Breen,* 106 Ala. 159 (19 South. 59: 32 L. R. A. 127), that court again emphasizes the following exception to the general rules stated by that court in *Knox* v. *King,* 36 Ala. 369: That the first rule there announced does not necessarily require express mention in one document of another, or in each of all other documents; that the second rule is subject to the exception which obtains generally in the construction of written contracts; that the situation and circumstances of the parties may be looked to, when necessary, to aid in arriving at the meaning of the parties from

what they have written. At page 168 of the opinion (106 Ala., at page 61 of 19 South. [32 L. R. A. 127]), it is said: "That when all the writings adduced, viewed together in the light of the situation and circumstances of the parties at the time they were written, show unmistakably that they relate to the same matter, and constitute several parts of one connected transaction, so that the mind can come to no other reasonable conclusion from the evidence so offered than that they were each written with reference to those concurrent or preceding, then there is such a reference of the one to the other as satisfies the rule, although reference in express terms does not appear. The rule is one founded on reason; and when as practical men, we look at the writings, and see inhering in them evidence which entirely satisfies the mind that they all relate to one general transaction, there is no reason why they should not be so construed. There is in such case a direct reference of the one to the other within the meaning of the law."

8. Under the circumstances surrounding the execution of the two memoranda in evidence, as disclosed by the parol testimony, we are impelled to the conclusion that these two papers are to be taken and construed together as parts of one transaction; and, when construed in connection with the circumstances under which they were executed, and with the acts of the parties in reference thereto after they were executed, they import, upon their face, all the essential elements required by the statute of a contract by the defendant with Kregar to sell to him the property upon the terms therein stated.

9. Defendant further contends that because Kregar has not signed the contract there is no mutuality therein, for which reason he cannot in equity enforce the contract; but, by the great weight of authority, the exception to the general principle requiring mutuality of obligation as a condition to a specific performance of a contract that specific performance may be granted at

the instance of a party not originally bound within the statute of frauds, because he did not sign the contract against another who did sign it, is so firmly established that it now appears to be the established rule in most jurisdictions. *Justice* v. *Lang,* 42 N. Y. 493 (1· Am. Rep. 576) ; *Western Timber Co.* v. *Kalama River Lum. Co.,* 42 Wash. 620 (85 Pac. 338: 6 L. R. A. [N. S.] 397: 114 Am. St. Rep. 137), and cases cited in the footnote to that case. This appears to be the rule heretofore announced and adhered to by this court. *Case T. M. Co.* v. *Smith,* 16 Or. 381 (18 Pac. 641) ; *Johnston* v. *Wadsworth,* 24 Or. 494 (34 Pac. 13).

From these considerations it necessarily follows that the decree of the trial court should be reversed, and one entered here requiring the defendant to accept and receive the tender made to him by the plaintiff, and to convey to the plaintiff, by a good and sufficient warranty deed, the premises described in the complaint, within 30 days from and after the filing of the mandate in the court below, and, in default thereof, that such decree stand for, and be equivalent to, a conveyance of the title thereof from the defendant to the plaintiff; and it is so ordered.                REVERSED : DECREE RENDERED.