## STATE ex rel. EGAN v. NORBECK & NICHOLSON COMPANY.

(160 N. W. 524.)

(File No. 3970.   Opinion filed December 20, 1916.)

1.  Courts—Supreme Court—Original Jurisdiction—Action by State—Action at Law—Constitutional Provisions Construed.

In an action by the state, although styled in the title in the form of an ex rel. proceeding, against a corporation, whose president and one of whose stockholders was a member of the Legislature which passed the appropriation for the artesian well in question, to recover back for the state the consideration paid by it for construction of an artesian well upon the state house grounds, held, that, under Const., Art. 5, Sec. 2, conferring upon the Supreme Court appellate jurisdiction only, except as otherwise provided in the Constitution, and conferring general superintending control over inferior courts, and Sec. 3, conferring power upon said court to issue certain specified extraordinary "and other original and remedial writs;" the Supreme Court has not original jurisdiction over said action; that said action does not come within the purview of section 3.

2.  Courts—Supreme Court—Original Jurisdiction—Action by State—Legislative Directions Concerning Jurisdictional Constitutional Provisions.

Nor has the Supreme Court original jurisdiction in such action, under Const., Art. 3, Sec. 27, providing that the Legislature shall direct by law in what manner and in what courts suits may be brought against the state, although, by Code Civ. Proc., Sec. 27, the Legislature has defined what actions

> may be brought in the Supreme Court against the state; since
> the state, if itself a party, was a plaintiff, and not a defendant.

Original action by the State of South Dakota, on the relation of George W. Egan, against the Norbeck & Nicholson Company, to recover back moneys paid defendant by the state for construction of an artesian well upon the state house grounds. Upon demurrer to complaint. Action dismissed.

*George W. Egan,* pro se.
*Sterling & Clark,* for Defendant.

GATES, J. This action was attempted to be begun as an original action in this court by the service of the summons and complaint on January 22, 1916. Although it purports to be brought by the state upon the relation of George W. Egan, it is a plain action at law. It seeks to recover from the defendant the sum of $8,230.46, with interest from April 7, 1910, that being the alleged amount paid to defendant by the Capitol Commission for the construction of an artesian well upon the state house grounds, the alleged ground of recovery being that Peter Norbeck, the president of and a stockholder in the defendant company, was a member of the Legislature which passed the appropriation for such artesian well, the contract, therefore, being alleged to be in violation of article 3, § 12, of the Constitution. The defendant demurred to the complaint, among other grounds, for the reason that this court had no jurisdiction of the subject of the action. Neither party noticed the demurrer for hearing, and on November 15, 1916, this court upon its own motion issued an order to the parties to show cause why the action should not be dismissed for want of jurisdiction. Service of the order was made, and on the return day the defendant appeared by its attorneys, the plaintiff not appearing.

The jurisdiction of the Supreme Court is primarily appellate, in the course of which it also exercises superintending control over the inferior courts. Const. art. 5, § 2; Everitt v. Board of Com'rs, 1 S. D. 365, 47 N. W. 296. It is exclusively appellate, except as otherwise provided in the Constitution. The exceptions are found in two sections of the Constitution.

[1] In article 5, § 3, the Supreme Court is given the power to issue the extraordinary writs of habeas corpus, mandamus, quo warranto, certiorari, injunction, "and other original and

remedial writs." Manifestly an ordinary action at law such as this does not come within the purview of this section of the Constitution, even though it in form be styled an ex rel. proceeding.

[2] The second exception to the exclusively appellate jurisdiction of the Supreme Court is found in article 3, § 27, viz.:

"The Legislature shall direct by law in what manner and in what courts suits may be brought against the state."

Under that section the Legislature has defined in section 25, C. C. P., what actions may be brought in the Supreme Court against the state. This section of the Constitution in no manner relates to actions brought by the state, or by individuals on behalf of the state.

In the absence of any further constitutional exception to its exclusively appellate jurisdiction, it is clear that this court is without original jurisdiction of the present cause of action. That being so, the action will be dismissed at the costs of the alleged relator.

POLLEY, P. J., having been a member of the Capitol Commission at the time in question, took no part in this decision.