MITCHELL, Respondent, v. MORGAN et al (Gulk, Appellant.)

(179 N. W. 722.)

(File No. 4676.   Opinion filed August 25, 1920.)

**Specific Performance—Complaint For, Alleging Subordinate, Inferior, Right, Interest in Co-defendant, Quieting Title As to Him—Whether Cause of Action Stated—Parties—Statutes.**

Where, in a suit for specific performance of a sale of realty, the complaint, after setting out terms of contract and defendant's failure to comply therewith, alleges that co-defendant G

"claims or pretends to have some right or interest in or to the premises adversely to the plaintiff, but that such pretended claim is subordinate and inferior to plaintiff's rights and claims therein," **held,** the complaint is not demurrable as failing to state a cause of action, under Sec. 2019, Rev. Code 1919 providing, among other things, that whenever an obligation concerning realty would be specifically enforced against a particular person, it may be in like manner enforced against any other person claiming under him by title created subsequently to the obligation, except a purchaser or incumbrancer in good faith and for value. The contention that the paragraph demurred to is not sufficient under said statute, might be good if plaintiff were asking specific performance against the demurrant; as to him the case is one for quieting title, and is governed by Sec. 2314, Rev. Code 1919, authorizing joining of any person as a defendant who has or claims an interest in the controversy, adverse to plaintiff, etc.

        Whiting, J., not participating in the deciison.

Action by E. A. Mitchell, against John P. Morgan, and Herman Guik, for specific performance of a contract of sale of realty. From a judgment for plaintiff, and from an order denying a new trial, defendant Gulk appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.
*Hall & Purdy,* for Respondent.

Respondent cited: Smith v. Bingham, (Cal.) 28 L. R. A. (N. S.) 522.

POLLEY, J. This is an appeal from an order overruling a demurrer to the complaint. As between plaintiff and the defendant Morgan the action is for specific performance to sell real estate. After setting out the terms of the contract and defendant's failure to comply therewith, the complaint contains the following paragraph:

"Plaintiff alleges upon information and belief that the defendant Herman Gulk claims or pretends to have some right or interest in or to the premises adversely to this plaintiff, but that such pretended claim is subordinate and inferior to plaintiff's rights and claims therein."

To this paragraph defendant Gulk demurred on the ground that the complaint did not state facts sufficient to constitute a cause of action against him. The demurrer was overruled, and defendant Gulk appeals.

Appellant contends that the paragraph demurred to is not

sufficient, under the provisions of section 2019, Rev. Code 1919. This section reads as follows:

"Whenever an obligation in respect to real property would be specifically enforced against a particular person, it may be in like manner enforced against any other person claiming under him by a title created subsequently to the obligation, except a purchaser or incumbrancer in good faith and for value, and except, also, that any such person may exonerate himself by conveying all his estate to the person entitled to enforce the obligation."

This contention might be good if plaintiff were seeking specific performance as against appellant. But this he is not doing. He does not claim that appellant is claiming under a title created subsequently to the making of the contract sued upon, and seek to have such title conveyed to respondent. Plaintiff merely alleges that the appellant is claiming an interest in the premises adversely to plaintiff, and that such interest is subsequent and inferior to plaintiff's rights. As between appellant and respondent the action is one to quiet title, and the allegation that appellant is claiming adversely to respondent is sufficient to require appellant to set forth whatever claim or interest he has, or is claiming to have. As to appellant the case is governed by section 2314, Code 1919, and the complaint is sufficient. 36 Cyc. 767; Pom. Eq. Jr. § 114.

The order appealed from is affirmed.

WHITING, J., did not participate in this decision.