MITCHELL, Plaintiff, and Respondent, v. MORGAN et al., Defendants and Appellants.

(181 N. W. 358.)

(File No. 4759.   Opinion filed February 8, 1921.)

1.   **Appeal—Pleadings—Supplemental Complaint on Appeal—Matters Not Involved In Judgment Appealed From, Non-Jurisdiction Of Supreme Court Re.**

Upon appeal to Supreme · Court from a judgment decreeing specific performance, a motion by plaintiff-respondent for leave to file and serve a supplemental complaint alleging an additional cause of action sounding in damages and involved in the sale transaction in question, will be denied, for want of jurisdiction in Supreme Court to permit such amendment; said court's jurisdiction being appellate only.

2.   **Same—Supplemental Complaint Constituting Independent Cause of Action, Irrelevancy of on Appeal.**

Moreover, the proposed supplemental complaint constituting an independent cause of action rather than being supplemental to original cause of action pending on appeal, the proposed pleading has no relation to any issue involved in the. appeal.

Whiting, J., concurring in the result.

Original motion in Supreme Court, by plaintiff, E. A. Mitchell, who procured judgment against defendants John P. Morgan et al in a suit for specific performance of a contract relating to sale of realty, defendant having appealed therefrom—for leave to file and serve a supplemental complaint for damages resulting from defendant's retention of possession of the realty after suit was begun.   Motion denied.

*Hall & Purdy,* for Plaintiff.

*Kirby, Kirby & Kirby,* for Defendants.

(1)   To point one of the opinion, Defendants-Respondents cited: Egan v. Norbeck & Nicholson Co. 38 S. D. 93.

(2) Under point two, Plaintiff-Appellant cited, re right to recover damages for detention of the realty after suit began: Beddow v. Flage (N. D.) 132 N. W. 637; Sec. 2381, Code 1919; 36 Cyc. 753; 31 Cyc. 503-4; Ponca State Bank v. Adebar, 35 S. D. 480.

Defendants-Respondents cited: 31 Cyc. 503.

McCOY, J. This action was commenced in the circuit court of Brookings county to enforce specific performance of a certain contract relating to the sale of certain real estate. The action was tried and findings and judgment decreeing specific performance were made and entered in favor of plaintiff and against defendants, from which judgment defendants appealed, and which appeal involving the merits of the action is now pending before this court. The respondent, plaintiff below, while said appeal is still pending and undisposed of, now brings on, by order to show cause, this motion to be permitted to file and serve a supplemental complaint, alleging an additional cause of action sounding in damages arising out of and in connection with the same transaction in relation to the sale of said land under said contract.

[1] We are of the opinion that the motion to file and serve said supplemental complaint should be denied on the ground that this court has no jurisdiction to permit such an amendment, under the circumstances of this case; the jurisdiction of this court, so far as concerns this action, is appellate only. Egan v. Norbeck & Nicholson Co., 38 S. D. 93, 160 N. W. 524; Stanley County v. Jackson County, 36 S. D. 350, 154 N. W. 806; Somers v. Somers, 34 S. D. 594, 149 N. W. 558; Straub v. Lyman L. & I. Co., 32 S. D. 213, 142 N. W. 734. The matter involved in this case is distinguished from the question presented in Ponca State Bank v. Adebar, 35 S. D. 480, 152 N. W. 703, in this, that the supplemental answer permitted in that case contained allegations tending to show that the obligation, on which the same judgment appealed from was based, had been, in whole or a material part, extinguished and satisfied pending the suit; while in this case the supplemental complaint relates wholly to matters not involved in the judgment appealed from, or in the action on which said judgment is based, but seeks to set up a new and additional cause of action.

[2] We are also of the view that the matters and things alleged in the proposed supplemental complaint constitute an inde-

pendent cause of action rather than anything supplemental to the original cause of action now pending before this court on appeal. The plaintiff and respondent recovered judgment in the lower court for everything claimed in the original cause of action. The proposed supplemental complaint has no relation whatsoever to any issue now pending before this court on the said appeal.

The motion to be permitted to file and serve supplemental complaint is therefore denied.

WHITING, J., concurs in result.