MITCHELL, Respondent, v. MORGAN, et al., (MORGAN, Appellant.)

(181 N. W. 958.)

(File No. 4759. Opinion filed March 21, 1921.)

1. **Specific Performance—Realty Contract Per Correspondence— Offer Accepted—Vendee to Draw and Forward Contract With Part Payment—Vendor's Subsequent Countermand—Whether Minds Met.**

Where, in course of correspondence between a vendor and vendee of realty, the owner stated by letter his price and terms, which included the amount of an existing mortgage, which proposition was by letter accepted with inquiry as to whether vendor or vendee should draw the contract; this followed by confirmatory telegram and asking vendor to "come or send contract;" to which vendor replied by letter acknowledging said communications and stating that vendee might draw and send contract to a specified bank with part payment, "and I will sign it and return it to you;" this followed by vendee's telegram that he had sent part payment and contract; to which vendor replied by telegram that he had changed his mind about selling the place and would have the bank return contract and draft; vendee having on the same date confirmed his own telegram, and requesting vendor to go to the bank and sign contracts "and forward to us at once as we have the quarter sold;" another letter of same date being mailed to the bank enclosing contract and requesting that bank have vendor execute "the two contracts, you forwarding one to us and he retaining the other, as per the contract and correspondence;" held, that the minds of the parties met, that the terms of the offer made were accepted; this as against objection that the correspondence was merely negotiations toward entering into a contract.

2. **Same—Realty Referred to as "My Farm At E," "Your Farm." Followed by Technical Description, Whether Sufficient, Whether Contract Enforceable—Rule Re Description.**

Where, in correspondence between vendor and vendee of

realty, vendor referred to it as "my farm at E," vendee's response referring to it as "your farm," and in an accompanying telegram "your farm at E;" vendee having subsequently written vendor that he had sent to a bank a contract covering "your land south of E" followed by technical description; held, in view of evidence that vendor owned only one parcel of land, or one farm, in the vicinity of E, whose description was that stated in vendee's letter, that the description in the correspondence embodied a contract specifically enforceable; the general rule under such contracts being that if the description is such that purchaser knows what he is buying and seller knows what he is selling, and the land is so described that court can with aid of extrinsic evidence apply the description to the exact property intended to be sold, it is sufficient; and any description in a contract by which property might be identified by a competent surveyor, with reasonable certainty with or without aid of extrinsic evidence, is sufficient to permit of specific performance.

Appeal from Circuit Court, Brookings County. Hon. FRANK ANDERSON, Judge.

Action by E. A. Mitchell, against J. P. Morgan and others, for specific performance of a contract of sale of realty. From a judgment for plaintiffs, and from an order denying a new trial, defendant J. P. Morgan appeals. Affirmed.

*Kirby, Kirby & Kirby,* for Appellant.

*Hall & Purdy,* for Respondent.

(1)    To point one of the opinion, Appellant cited: Sec. 824, Code 1919: Pomeroy on Spec. Perf. Secs. 145-7.

Respondent cited: Drummond v. Crane (Mass.) 23 L. R. A. 707, 714; 13 Cor. Jur. 299, and cases cited in note 96.

(2)    To point two, Appellant cited: Fordyce Lbr. Co. v. Wallace (Ark.) 107 S. W. 160; Miller v. Campbell, 52 Ind. 125; Bartlett v. Williams et al., 60 N. E. 715; Ray et al. v. Talbott (Ky.) 64 S. W. 834; Agnew v. Southern Ave. Land Co., (Penn.) 53 Atl. 752.

Respondent cited: Korte v. O'Neil, (S. D.) 148 N. W. 12; Bates v. Harris, 36 L. R. A. (N. S.) 154.

McCOY, J.    This action was instituted by the plaintiff to compel the defendant John P. Morgan to specifically perform a certain contract in relation to the sale of certain real estate. Findings and judgment were in favor of plaintiff, and defendant appeals.

It appears from the record that the contract on which the respondent relies is contained in certain correspondence carried on between the parties through the United States mails, and telegrams, the substance of which is as follows: On the 19th day of May, 1919, the appellant wrote respondent as follows::

"In regard to my farm at Estelline, I will take $150.00 per acre with $2,000.00 down on contract and $11,000.00 March 1, 1920, the mortgage that is on it is $11,000.00 and it runs for seven years which draws six per cent. interest. Now if you don't want it for this price, let me hear from you by return mail. I am giving you the first chance at it."

On May 20th, respondent answered as follows:

"I have just wired you acceptance on your farm per the terms in your letter of $150 per acre, $2,000.000 cash, $11,000.00 March 1, and assume $11,000 mortgage for seven years at six per cent. Kindly advise by return mail if you are coming up to draw the contract, or shall I have it drawn and send it to you to sign."

On the same day respondent sent to appellant the following telegram:

"This is for acceptance on your farm at Estelline per terms in your letter of May 19th; come or send contract at $150.00 per acre, $2,000.00 cash, balance equity March 1st."

On May 21st, appellant wrote respondent as follows:

"Received your letter and also the message that you would take my farm at the price and terms that I stated in my letter. You can draw up the contract and send it to the bank at Kanaranzi, Kanaranzi State Bank, with the $2,000.00, and I will sign it and return it to you. I would come up, but it is impossible for me to get away for at least ten days, so this way will be just as good. This is with the understanding that I get this year's rent, and will pay 1919 taxes and interest."

On May 23d, respondent sent appellant the following telegram:

"Have sent two thousand bank draft and contract for your farm to bank at Kanaranzi per your letter 21st inst."

On May 23d the appellant sent to respondent the following telegram:

"I have changed my mind about selling my place and will have bank at Kanaranzi return contract and draft for $2,000.00."

On May 23d respondent caused to be sent to appellant the following letter:

"We have sent to the Farmers State Bank of Kanarnazi contract covering your land south of Estelline, being the N. E. of 11—112—51, Brookings county, South Dakota, same being as per your letter of the 21st inst., namely, $24,000.00 for your quarter, $2,000.00 down, which we have mailed the bank our draft for, $11,000.00 March 1, cash, and $11,000.00 due in seven years from March 1, 1920. Kindly go to the bank there and sign up the contracts and forward to us at once as we have the quarter sold."

On May 23d, respondent also caused to be sent to the Farmers' State Bank of Kanaranzi, Minn., the following letter:

"Inclosed herewith please find contract for deed from Mr. John Morgan to E. A. Mitchell and R. A. Townsend, covering the N. E. 11-112-51, Brookings county, South Dakota. This is in accordance with Mr. Morgan's letter and our telegram to him, and will ask that you kindly have him execute the two contracts, you forwarding one to us, and he retaining the other, as per the contract and correspondence. We inclose herewith in amount of $2,000.00."

[1, 2] It is the contention of the appellant that this correspondence does not set forth a contract which could be specifically enforced; that there was no meeting of the minds of plaintiff and defendant and no acceptance of the terms of the offer; and that said evidence shows that said correspondence was merely negotiations for the purpose of and looking toward the entering into a contract in the future. We are of the opinion that these contentions are without merit. It is also contended by appellant that the said correspondence does not sufficiently describe the subject-matter of the contract. We are of the opinion that this contention is not tenable. The correspondence describes the land in question as "my farm at Estelline." There was evidence offered on the trial that appellant owned only one parcel of land, or one farm, in the vicinity of Estelline, that being the N. E. ¼ of section 11, in township 112 north, of range 51 west of the Fifth principal meridian, situated in the county of Brookings, state of South Dakota, and being the same land described in the complaint. The

general rule in relation to the sufficiency of the description of the subject-matter of such a contract seems to be that—

"If the designation is so definite that the purchaser knows exactly what he is buying, and the seller knows what he is selling and the land is so described that the court can, with the aid of extrinsic evidence, apply the description to the exact property intended to be sold, it is enough." Bacon v. Leslie, 50 Kan. 494, 31 Pac. 1066, 34 Am. St. Rep. 134.

This same rule is stated also as follows:

"Any description by which the property might be identified by a competent surveyor with reasonable certainty, either with or without the aid of extrinsic evidence, is sufficient to permit the specific performance of a contract in relation thereto." Flegel v. Dowling, 54 Or. 40, 102 Pac. 178, 135 Am. St. Rep. 812, 19 Ann. Cas. 1159; Pom. Contracts, § 90; 27 R. C. L. 317.

Finding no error in the record, the judgment and order appealed from are affirmed.