MITCHELL, Respondent, v. MORGAN, et al., Appellants.

(186 N. W. 568.)

(File No. 4754.   Opinion filed January 30, 1922.)

1.   Appeals—Error—Order by Outside Judge Cancelling Deed and Adjudging Contempt, Order by Resident Judge Refusing to Set Aside Contempt Order—Jurisdiction Re Contempt—Statutes—Order to Show Cause as Motion.

In a suit for specific performance of a realty contract, where a judge residing outside the circuit heard and determined the case and rendered judgment, in the circuit of the venue, and thereafter a deed of the premises from one to another co-defendant was recorded, whereupon, upon application of plaintiff vendor, an order to show cause was made by said judge in his own circuit requiring defendants to show cause in said circuit why they should not be punished for contempt because of said transfer; defendants appearing specially and objecting to jurisdiction of said judge to appear and determine said matter and moved that the order to show cause be quashed, the objections and motion being overruled, such special proceeding being tried and findings and judgment entered adjudging defendants guilty of contempt and annulling and cancelling said deed; application having been made thereafter to the judge in the circuit of the venue for an order vacating said order or judgment of contempt, which motion was denied and adjudging the previous order as effective; said latter order having been appealed from; held, construing Sec. 2117, Code 1919, providing that the circuit court is always open for purpose of hearing and determining all actions, special proceedings, motions and applications of whatever kind or character, and of which the court has jurisdiction, original or appellate, except issues of fact in civil and criminal actions, and that all such actions, special proceedings, etc., may be heard and determined at any place within the judicial circuit containing the county wherein the same is brought or pending, but that issues of fact must be tried in county in which same is brought, etc., provided that nothing therein contained shall be construed to prevent the judge of any circuit court from making any order at chambers

at any place within the state in any matter properly before him; and Sec. 2593, Subd. 3, providing that motions on notice must be heard within the circuit in which the action is triable, unless, with consent of the judge, the parties shall otherwise agree, and that all orders made on such motions may be made in any part of the state—that by said provisions the Legislature intended that special proceedings, and motions on notice should be heard only within the proper circuit unless the judge and the parties consent otherwise; that the order to show cause was a motion on notice; that; defendants having protested against the hearing outside the circuit, trial court should thereafter have arranged for a hearing at a place within the circuit in which suit was pending, that it had no authority to hear the matter outside.

2.  **Same—Application for Modification of Non-jurisdictional Findings and for Stay, Whether Tantamount to Consent to Try Contempt Proceedings—Jurisdiction of Judge of Venue.**

The invoking of the jurisdiction of the court outside the circuit in which case was pending, by applications for modification of said findings, did not amount to a consent to try the contempt proceedings, since even the judge residing in the circuit in which case was pending could not lawfully have tried the contempt proceedings where they were tried, without parties' consent.

3.  **Same—Special Appearance Re Setting Aside Contempt Proceedings, and Objections to Jurisdiction Because of Unexpired Stay Order Made in County of Venue, Whether Affirmative Relief Sought Converting Special Into General Appearance.**

Where said co-defendants entered a special appearance when objecting before the non-resident judge, to his jurisdiction re the contempt proceedings on the ground that an order staying proceedings, made by said non-resident judge in the county of the venue after rendition of judgment, deprived him of jurisdiction; held, that said objections did not amount to seeking affirmative relief which would operate to convert the special into a general appearance.

4.  **Jurisdiction—Contempt, Invalid Order Re By Outside Judge, Order by Resident Judge Holding Previous Proceedings Effective, Whether Conclusive on Merits Re Contempt.**

The order of the judge of the circuit in which the cause was pending, holding in force and effect the previous proceedings re contempt when attacked for want of jurisdiction, did not amount to adopting the finding and judgment of the non-resident judge; since the matters of the previous special proceedings were before the resident judge only on the question of

jurisdiction, and not on the merits of the adjudication of contempt.

Anderson, J., not sitting.

Appeal from Circuit Court, Brookings County. Hon. WILLIAM N. SKINNER, Judge.

Action by E. A. Mitchell, against John B. Morgan and Herman Gulk, for specific performance of a contract of sale of realty. From an order refusing to set aside a previous order or judgment upon contempt proceedings against the defendants, and adjudging said previous order to be in full force and effect, defendants appeal. Reversed.

Kirby, Kirby & Kirby, for Appellants.

Hall & Purdy, for Respondent.

(1) To point one of the opinion, Respondent cited: Gould v. Duluth Elevator Co. (N. D.) 64 N. W. 316; In re Moore, 209 U. S. 490, 52 L. Ed. 904.

GATES, P. J. This cause has already been before us three times. See 43 S. D. 293, 179 N. W. 722; 43 S. D. 589, 181 N. W. 358; 44 S. D. 8, 181 N. W. 958. Particular reference is made to the last citation for an understanding of the nature of the case. It is now before us on appeal in relation to contempt proceedings.

The cause, pending in the Third judicial circuit, was tried at Brookings, in said circuit, in January, 1920, before Hon. Frank Anderson, judge of the Fifth judicial circuit, sitting at the request of Hon. W. N. Skinner, judge of the Third judicial circuit. Prior thereto a demurrer to the complaint, on the part of defendant Gulk, had been overruled, and an appeal had been taken therefrom to the Supreme Court. The cause, upon the merits, was thereafter submitted upon briefs, and in March, 1920, findings of fact and the conclusions of law and a judgment were signed by Judge Anderson at Webster in his own circuit, and entered in the office of the clerk of the court of Brookings county. Defendants thereafter applied, ex parte, to Judge Anderson, in his own circuit, for a modification of the findings and judgment, which modification was granted. At the same time and place defendant Morgan applied for a stay of proceedings which was granted. Later in the day on which these two orders were signed a warranty deed of the premises in question, from defendant Morgan to his codefendant, Gulk, was filed in the office of the register of

deeds of Brookings county. Upon the application of plaintiff an order was issued by the court, by Judge Anderson in his own circuit, requiring defendants to show cause at Webster, in the Fifth circuit, why they should not be punished for contempt of court because of the transfer of the property in question. The defendants made a special appearance and objected to the jurisdiction of Judge Anderson to hear and determine said matter, and moved that the order to show cause be quashed. The objections and motion were overruled. Such special proceeding was tried. Findings of fact, conclusions of law, and judgment were made and entered, adjudging defendants to be guilty of contempt of court, fining defendant Morgan the sum of $200, and annulling and canceling the deed and the record thereof. Thereafter application was made by defendants to Judge Skinner for an order vacating the order or judgment entered upon the contempt proceedings. Upon the hearing the court, by Judge Skinner, entered an order refusing the relief sought, and adjudged the previous order to be in full force and effect. It is from this order that the appeal is taken by defendants.

[1] One of the reasons advanced for a reversal, and which was urged in the special appearance of defendants, is that Judge Anderson had no authority to hear and try the contempt proceeding at Webster, outside of the Third judicial circuit. Section 2117, Rev. Code 1919, referring to the circuit court, provides:

"It is always open for the purposes of hearing and determining all actions, special proceedings, motions and applications of whatever kind or character, and whether of a civil or criminal nature, arising under the laws of the state, and of which it has jurisdiction, original or appellate, except issues of fact in civil and criminal actions, and all such actions, special proceedings, motions and applications may be heard and determined at any place within the judicial circuit in which is situated the county wherein the same is brought or is pending; but issues of fact in any civil or criminal action must be tried in the county in which the same is brought, or to which the place of trial is changed by order of the court upon the written consent of the parties to such action, or upon the grounds now or hereafter provided by law: Provided, however, nothing in this section contained shall be construed to prevent the judge of any circuit court from making any order at

chambers at any place within the state in any matter properly before him."

Subdivision 3 of § 2593, Rev. Code 1919, provides:

"Motions upon notice must be heard within the circuit in which the action is triable; unless, with consent of the judge, the parties shall otherwise agree; and all orders made on such motions may be made in any part of the state."

From these sections it is manifest that the Legislature intended that special proceedings and motions on notice should be heard only within the proper circuit, unless the judge and the parties consent otherwise. The order to show cause was a motion upon notice. McHarg v. Com. Fin. Corp. 44 S. D. 144, 182 N. W. 705; Lingenfelter v. Gehringer, 43 S. D. 275, 178 N. W. 946. The defendants did not agree to hear the matter at Webster; on the contrary, they protested against it. The trial court should therefore have arranged for a hearing at a place within the Third judicial circuit. It had no authority to hear the matter at Webster under the circumstances.

[2]  It is urged by respondent that the invoking of the jurisdiction of the court at Webster, by the applications for a modification of the findings and for a stay of proceedings, amounted to a consent to try the contempt proceedings at Webster. That does not logically follow. Even Judge Skinner could not lawfully have tried the contempt proceeding at Webster without the consent of the parties.

[3]  It is urged by respondent that defendants in their special appearance and objections to the jurisdiction, asked for affirmative relief, and thereby converted their special appearance into a general appearance. We do not think the facts justify the conclusion. The fifth ground of defendants' objection to the jurisdiction was as follows:

"That the honorable circuit court of Brookings county, in this case, on the 3d day of April, 1920, granted to the said defendant John Morgan a stay of proceedings in the aforesaid case, for a period of 60 days' time, for the purpose of allowing said defendant Morgan to move for a new trial or appeal to the Supreme Court, should he deem the same necessary; that this 60 days has not expired, and said order is still in full force and effect, and the court has no power or authority to pass upon or hear the motion presented by the plaintiff."

This did not constitute the seeking of affirmative relief.

[4] It is finally urged by respondent that the findings and judgment rendered by Judge Anderson are not now vulnerable to the objection that they were made outside of the Third judicial circuit, for the reason that defendants applied to Judge Skinner for an order vacating the judgment or order of Judge Anderson, and upon the hearing Judge Skinner made an order that the previous proceedings were "held in full force and effect." It is claimed that this had the effect of expressly adopting such findings and judgment. The matter was not before Judge Skinner upon the merits of the adjudication of contempt. It was before him solely upon the question of Judge Anderson's jurisdiction. Appellants contend and respondent concedes that the purpose of the application before Judge Skinner was to lay the foundation for appeal, it having been held by this court that an order made by a judge outside of his circuit was not an appealable order. We are satisfied that the order made by Judge Skinner did not have the effect of curing the absence of jurisdiction of Judge Anderson to try the contempt proceeding at Webster.

The order appealed from is reversed.

ANDERSON, J., not sitting.